MISSISSIPPI POWER COMPANY, et al. *v.* EAST MISSISSIPPI ELECTRIC POWER ASSOCIATION, et al.

No. 42080          April 23, 1962          140 So. 2d 286

*J. Hoy Hathorn,* Louisville, for appellant, Louisville Electric System.

42

*Eaton, Cottrell, Galloway & Lang,* Gulfport, for appellant, Mississippi Power Company.

*Floyd, Cameron & Deen,* Meridian, for appellee, East Mississippi Electric Power Association in reply to brief of Louisville Electric System.

*Floyd, Cameron & Deen,* Meridian, for appellees, East Mississippi Electric Power Association, in reply to brief of Mississippi Power Company.

JONES, J.

The Public Service Commission granted to East Mississippi Electric Power Association a certificate of public convenience and necessity covering all or portions of eleven counties in Mississippi. The application was contested by Mississippi Power Company and Louisville Electric System of the City of Louisville, Mississippi, the Mississippi Power Company contesting as to five counties of the eleven, towit: Newton, Lauderdale, Clarke, Wayne and Jasper; and the Louisville Electric System contesting as to the area within one mile around and adjacent to the City of Louisville. There were some other areas involved insofar as Louisville was concerned but they were eliminated during the trial and on appeal here only the corridor above mentioned is involved. The Chancery Court of Hinds County affirmed the order of the Commission and both the protestants appeal here, so there are really two appeals before this Court.

The appellee, East Mississippi Electric Power Association, filed its application within the time permitted under Section 7716-05(b) of the Code of 1942, commonly

.referred to as the "grandfather Clause." It attached to its application as exhibits maps of the territory or area for which it requested a certificate.

Mississippi Power Company also had an application pending and it, as aforesaid, contested the application of East Mississippi insofar as their conflicting interests were involved in the said five counties.

Much testimony was heard by the Commission. To detail it would require a book. Many maps (including aerial maps) and exhibits were introduced, the evidence and the maps disclosing the lines of the opposing companies, and disclosing to the Commission their conflicting interests. East Mississippi, during the trial, made various adjustments of the description of the areas desired or claimed by it, all of such changes constricting the areas sought to be covered. After a full and complete hearing, the Public Service Commission entered its order awarding to the East Mississippi Electric Power Association a certificate of public convenience and necessity for the areas described in such order. Under the orders we understand some lines and customers of East Mississippi and some lines and customers of Mississippi Power Company were frozen. However, it appears that in comparison with the entire area and total number of customers, the lines and customers so frozen were small.

## I.

■■ ■ Appellant, Louisville Electric System, appeals and assigns as error the fact that the Commission allotted to East Mississippi some area adjacent to the corporate limits of the City of Louisville and extending for a distance of one mile from such boundaries. The Louisville System contends that under Section 7716-01 H of the Code of 1942 it had the sole right and privilege of operating within this area. The said subdivision H of said Act reads as follows:.

"H. Any public utility as defined in paragraph D above, owned or operated by a municipality shall not be subject to the provisions of this act, except as to extension of utilities greater than one mile outside of corporate boundaries after the effective date of this act."

Louisville Electric System seems to contend that this section conveys to it the sole right to operate within one mile of the City limits of the City of Louisville. The proof showed that East Mississippi was operating in the area adjacent to the city limits and within said one mile corridor on the effective date of the act.

We do not deem this provision of the act as a grant but consider it as an exemption from regulation. We cannot think that the legislature intended by this exemption to take from a company that was operating within said corridor on the date of the act its right to operate therein and we think the Public Service Commission was justified in allotting to East Mississippi that area within said corridor in which it was operating on the effective date of the act.

## II.

Mississippi Power Company appeals. Its argument is that the orders of the Commission are (a) contrary to the overwhelming weight of the testimony; (b) not supported by any substantial evidence; (c) in violation of the provisions of Section 5(b) above mentioned; (d) contrary to right, equity and good conscience; (e) operate to deprive appellant of its rights. They also allege error in that the orders failed to provide that the service areas then described and allotted to East Mississippi are non-exclusive. Further, they argue that the orders are erroneous in that they authorize East Mississippi to serve designated areas as such rather than granting the right to continue to operate facili-

ties in such areas which were being operated on the effective date of the act.

As heretofore stated, there was a mass of evidence, maps (including aerial maps), and other testimony showing the facilities and operations of the opposing companies. We think the evidence was sufficient to support the order of the Commission.

■■ ■ The question as to whether the right of East Mississippi in said areas is exclusive depends, under the act and decisions of this Court, upon whether East Mississippi renders adequate service. Sec. 7716-05(f), Code of 1942; Capital Electric Power Association v. Mississippi Power & Light Company, 240 Miss. 139, 125 So. 2d 739. As aforesaid, complaint is made that the order of the Commission authorizes East Mississippi to serve designated areas; in other words, that the award is made on an area basis rather than a facility basis. We think such an award is contemplated and authorized by the act.

In Section 7706-15, Code of 1942, we find "service area" maps mentioned; "certified areas" mentioned twice in subdivision (d); the "geographical area of such municipality" mentioned in subdivision (e); "any area covered by such utility's certificate" mentioned in subdivision (f); and (f) also provides for the cancellation of the certificate for "the area" where the holder of the certificate fails to comply with the order of the Commission. The last paragraph of this section provides that any company heretofore operating under the Commission and which has "its service area maps" on file might be granted a certificate of convenience and necessity without requiring it to first obtain a municipal franchise.

Section 7716-06 provides for the extension of existing facilities "within the certified area." The case of Capital Electric Power Association v. Mississippi Power &

Light Company, supra, recognizes the area provisions of the act.

Mississippi Power Company also asserts that East Mississippi is not such a public utility as contemplated by the act because its service is generally restricted to members of the association. But see Capital Electric Power Association v. McGuffee, 226 Miss. 227, 83 So. 2d 837.

This case to us is peculiarly one that should be determined by a body such as the Public Service Commission. We have reviewed the evidence and the law and find that the action of the Commission is supported by substantial evidence, is not arbitrary or capricious, and the case is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Ethridge, Gillespie* and *Rodgers, JJ.,* concur.