CAPITAL ELECTRIC POWER ASSOCIATION *v.* MISSISSIPPI POWER & LIGHT COMPANY, AND CITY OF CLINTON, MISSISSIPPI, et al.

No. 42480          March 11, 1963          150 So. 2d 534

*Hedgepeth, Price & Hedgepeth,* Jackson, for appellant.

*Green, Green & Cheney, Wise, Smith & Carter,* Jackson; *Fred B. Smith,* Ripley, for appellee, Mississippi Power and Light Company.

*E. W. Stennett,* Jackson, for appellee, City of Clinton, Mississippi.

*Jacobs, Griffith & Hatcher,* Cleveland, for Mississippi Municipal Association, Intervening Party.

Kyle, J.

This case is before us on appeal by Capital Electric Power Association from a decree of the Chancery Court of the First Judicial District of Hinds County, reversing a cease and desist order issued by the Mississippi Public Service Commission on July 6, 1961, upon the petition of Capital Electric, ordering that Mississippi Power & Light Company cease and desist from rendering electric service or street lighting service in an area recently annexed to the City of Clinton, which had been certificated to Capital Electric by the Public Service Commission.

The record shows that Capital Electric Power Association is a Mississippi Corporation organized and existing under authority of the Electric Power Association Act of 1936, Miss. Laws 1936, Ch. 184; Miss. Laws 1938, Chs. 251-252; Miss. Code 1942, Rec., Secs. 5463-5489. It is a public utility engaged in the transmission and distribution of electricity for lighting, heating and power purposes, and is vested with authority to operate electric services both in and without municipalities. Code Sec. 5474(8). It has the power of eminent domain. Sec. 5474 (14). Capital Electric operates in parts of seven counties in the central part of the state, including the area lying east of the City of Clinton in Hinds County, and is obligated to render nondiscriminatory service to all persons living in its service areas who apply for such service.

The area involved in this controversy is an area approximately 1/4 mile wide, east and west, and 1/2 mile long, north and south, lying immediately east of the corporate limits of the City as the same existed prior to March 25, 1960. The area is bounded on the north by the right of way line of Clinton Boulevard, on the west side by the city limits as they existed prior to March 25, 1960, and on the south by old U.S. Highway

No. 80, and on the east by the north-south half section line running through Section 28, Township 6 North, Range 1 West. The area is referred to in the record and in the briefs filed on this appeal as the "disputed area"; and will be referred to by us in the same manner.

The record shows that Capital Electric began to furnish electric service to persons desiring such service in the disputed area in 1944, and has continued to serve all persons applying for such service since that time. Lines have been added as needed. Such service was being furnished to 14 subscribers, including residential, church and commercial, at the time of the hearing of this cause. Neither Mississippi Power & Light Company nor any other electric utility had ever furnished electric service to subscribers in the area prior to the annexation of the area by the City of Clinton on March 25, 1960, except residents of two dwelling houses located on the extreme northern edge for which electric service had been provided by the Company for two of its employees prior to the enactment of Ch. 372, Laws of 1956, and which were "frozen" by agreement of the parties and an order of the Public Service Commission dated September 21, 1959.

The record shows that, after the enactment of the Public Utility Act, Ch. 372, Laws of 1956, which became effective March 29, 1956, Capital Electric filed with the Public Service Commission under authority of paragraph (b) of Section 5 of the Act, commonly called the "grandfather" clause, its application for a certificate of public convenience and necessity authorizing it to continue its operations as a public utility serving the designated areas which were being served by it on the effective date of the Act. The application was entered upon the docket of the Commission as Docket No. U-84. Mississippi Power & Light Company was made a party to the proceeding. After extended negotiations between Capital Electric and the Company

for the settlement of area claims, the Commission, by an order entered in Docket No. U-84 on September 21, 1959, granted to Capital Electric a certificate of public convenience and necessity, covering the areas which were being served by it on the effective date of the Act, including the area involved in this controversy. The area certificated to Capital Electric as its service area was described in the order of the Commission by metes and bounds and included the area involved in this controversy. No petition for a rehearing was filed, and no appeal was taken from the final order of the Commission in that matter; and thereafter Capital Electric continued to furnish electric service to its subscribers in the area. The record shows that Capital Electric does not have and has never had a municipal franchise in the City of Clinton. It does not have and has never had a street lighting agreement with the City of Clinton. However, the record shows that a written offer was made by Capital Electric to the City on August 23, 1960, to furnish street lighting service to the City in the disputed area on the same terms as such service was being rendered by Mississippi Power & Light Company.

The record shows that the appellee, Mississippi Power & Light Company, hereinafter referred to as the Company, is an investor-owned public utility incorporated under the laws of the State of Florida and qualified to do business in the State of Mississippi. All of its property is located in the western half of the state. Its general offices are located in the City of Jackson. The Company has operated in Mississippi since 1924. Its current franchise, authorizing the use of the streets, highways and public places in the City of Clinton, was granted by the City on December 6, 1946, for a period of 25 years. On December 16, 1946, the governing authorities of the municipality approved an exclusive street lighting contract with the Company, which provided

that, "Company will furnish and municipality will take and pay for its entire street lighting service during the term of this agreement." The contract had been in effect continuously from December 16, 1946, to the date of the hearing.

On November 25, 1959, the Public Service Commission, in Docket No. U-44, granted to the Company a "grandfather" certificate of public convenience and necessity, pursuant to the provisions of paragraph (b) of Section 5, of the Public Utility Act, covering numerous areas in various parts of the state, including the area lying within the corporate limits of the City of Clinton, but not including the area involved in this controversy which at that time was not a part of the City. As in the case of Capital Electric, the Company's "grandfather" certificate described the service areas of the utility by metes and bounds.

The events leading up to the filing by Capital Electric of its petition against the Company in this cause asking for a cease and desist order were substantially as follows: The decree of the Chancery Court of the First Judicial District of Hinds County, approving the extension of the city limits of the City of Clinton so as to include within the City the area involved in this controversy, along with certain other small areas lying outside of the City, became final on March 25, 1960. On May 3, 1960, the mayor and board of aldermen of the City adopted a resolution authorizing the mayor and clerk to execute in behalf of the City a supplemental agreement with the Company for the furnishing of street lighting in the newly annexed territory. The city clerk thereupon addressed a letter to the Company's manager designating certain locations for new street lights to be installed by the Company on Morrison Drive; and on May 16, 1960, the Company's workmen entered the disputed area and erected a distribution line covering a distance of 1775 feet. The line entered the disputed

area on the north at the intersection of the south right of way line of Clinton Boulevard and Morrison Drive and ran in a southerly direction along Morrison Drive to the north right of way line of U. S. Highway 80. The line was built immediately across the street from Capital Electric's line and duplicated Capital Electric's line. The Company also installed five street lights, four of which were located directly across the street from street lights already provided by Capital Electric, which were then in operation. The Company also installed a permanent service line into the newly constructed residence of C. M. Kelley, where Capital Electric service was already being used for construction purposes.

On May 25, 1960, Capital Electric filed its petition in this cause with the Public Service Commission and asked that, upon the hearing of the petition, the Commission enter an order directing the Company to remove the line so constructed by it in the disputed area, and directing that the Company cease and desist offering its service to service locations or constructing service facilities within the disputed area. Capital Electric also asked for general relief.

The Company filed its answer to the petition on July 22, 1960. In its answer the Company admitted that on May 16, 1960, it had built the line in question within the disputed area, and that it had served the owner of one residence from that line and had also installed along Morrison Drive five street lights. As matters of affirmative defense, the Company alleged that it was operating under a franchise from the City of Clinton dated December 16, 1946, which was a 25-year franchise and that the rights and obligations conferred by the City upon the Company by that franchise were protected by Ch. 372, Laws of 1956, and particularly by paragraph (g) of Section 5 thereof. The Company further alleged that it was the only supplier of electric energy operating in the City or any part thereof to which a franchise

had been granted by the City, and that it was paying the City two per cent of its domestic and commercial receipts derived from its operations within the City. It alleged that Capital Electric had applied to the City for a franchise, and that the mayor and board of aldermen had refused to grant the same.

The Company further alleged that it had received on November 25, 1959, in Cause No. U-44, a "grandfather" certificate to serve the City of Clinton, pursuant to Section 5(b) of the Public Utility Act; that it had an exclusive street lighting contract with the City under which it was presently operating; that its right to furnish electric service in the area which had been incorporated into the City was protected by the due process clause and equal protection clause of the Constitution of the United States and the due process clause of the Mississippi Constitution. The Company alleged that it had offered to purchase from Capital Electric, or to trade with Capital Electric for other facilities located elsewhere, all facilities which Capital Electric had in the City of Clinton. The Company incorporated in its answer a cross-petition in which it asked that Capital Electric be ordered to cease and desist from maintaining its electric distribution service in the disputed area, and to remove its equipment and distribution facilities from the area.

The Mississippi Municipal Association filed a petition asking that it be permitted to intervene on behalf of the municipalities of the state as parties interested in the litigation. The City of Clinton also filed a petition asking that it be permitted to intervene as an interested party. Both petitions were granted by orders of the Commission dated September 16, 1960. The Municipal Association then filed its answer to the petition of Capital Electric; and the City of Clinton filed an answer and cross-petition in which it averred that Capital Electric had no right to continue to operate its facilities in

the disputed area after March 25, 1960, for the reason that it had never been granted a franchise to operate within the City.

Extended hearings were held by the Public Service Commission on the issues presented by the pleadings. The hearings were concluded on February 27, 1961. The Commission took the case under advisement, and on July 6, 1961, the Commission rendered its decision in favor of Capital Electric and entered a cease and desist order as prayed for in Capital Electric's petition. The relief prayed for in the cross petitions filed by Mississippi Power & Light Company and the City of Clinton was denied, and the cross petitions were dismissed.

The Commission in its order found that Capital Electric had been granted a certificate of convenience and necessity by the Commission in Docket No. U-84 on September 21, 1959, which authorized it to continue to operate its electric facilities and serve the needs of electric consumers in the area that it was serving on March 29, 1956, the effective date of the Public Utility Act; that the certificate of convenience and necessity contained a particular description of the area involved in this litigation; and that continuously, since March 29, 1956, Capital Electric had been rendering reasonably adequate electric service within the area. The Commission found that the new facilities constructed by Mississippi Power & Light Company in the disputed area were within the areas specifically certificated to Capital Electric by the Commission in Docket No. U-84; and that the Company, unless ordered to cease and desist therefrom, would offer and render electric service to consumers of electric power within the disputed area, and would continue to render street lighting service within the area; that the real issue in the controversy was whether or not the holder of a certificate of convenience and necessity issued by the Commission was

entitled to be protected against an invasion of its certificated area by the construction and operation of electric facilities therein by another electric utility which did not have a certificate authorizing it to serve the area. The Commission was of the opinion that the municipal franchise granted to the Company by the City of Clinton was not germane to any of the issues in the cause and had no bearing on the case. The Commission did not pass upon the validity of the franchise or attempt to construe its provisions.

The Commission, by an order duly entered upon its minutes, ordered that the respondent, Mississippi Power & Light Company, cease and desist from rendering any electric distribution service or street lighting service in the disputed area, and that the Company remove "all of its electric lines and facilities, which it has constructed and is now operating and maintaining within the disputed area," within a period of 30 days from the date of the order. In its order the Commission stated that its decision was based solely upon the rights arising out of the certificates of convenience and necessity granted the two utilities in Docket Nos. U-44 and U-84; that the first certificate did not include the disputed area; that the second certificate did include the area in question. From that order the respondent, Mississippi Power & Light Company, prosecuted an appeal to the Chancery Court of the First Judicial District of Hinds County. The City of Clinton and the Mississippi Municipal Association likewise prosecuted appeals.

The cause was heard by the chancery court as an intermediate court of appeals upon the voluminous record made during the hearing before the Commission, and on April 20, 1962, that court entered a judgment reversing the order of the Public Service Commission and ordering that the petition of Capital Electric for a cease and desist order be dismissed. The court was of the opinion that the order of the Commission violated

the statutory rights of Mississippi Power & Light Company and the City of Clinton; that, when the City of Clinton extended its corporate limits and annexed adjoining areas which included the disputed area in this cause the certificate of convenience and necessity granted to Capital Electric under the Public Utility Act of 1956, in so far as it covered the disputed area, became ineffective and Capital Electric could not operate within the corporate limits of the City inasmuch as it had not been granted a franchise by the City. The cause is now before us on appeal by Capital Electric from the judgment entered by the chancery court reversing the order of the Commission.

The attorneys for Capital Electric have assigned and argued four main points as ground for reversal of the judgment of the lower court:

(1) That the court erred in holding that when the City of Clinton expanded its corporate limits on March 25, 1960, and annexed the disputed area, the certificate of public convenience and necessity theretofore issued by the Public Service Commission to Capital Electric, under and pursuant to Section 5(b) of the Public Utility Act of 1956, became ineffective in so far as it covered the disputed area; (2) that the court erred in holding that the expansion of the corporate limits of the City of Clinton on March 25, 1960, destroyed the vested service rights acquired by Capital Electric by virtue of its having served the disputed area for many years prior to that date, which rights had been recognized and expressly reserved and granted to Capital Electric by the terms of the Public Utility Act itself; (3) that the court erred in holding that Capital Electric was barred of its right to operate within the disputed area after the annexation by the City for the reason that Capital Electric had not been granted a municipal franchise by the City; (4) that the court erred in its holding that the cease and desist order of the Commission issued

on July 6, 1961, was erroneous in law and violative of the statutory rights of Mississippi Power & Light Company and the City of Clinton.

It is argued on behalf of the appellees in support of the judgment of the lower court that the statutes of Mississippi in unmistakable terms, have given to municipalities complete jurisdiction of streets and the absolute right to regulate by franchise the use which can be made of the streets by public utilities; that the power to determine what utilities may operate within and use the streets and public ways of a municipality is definitely vested in the municipality by Sections 3374-119 and 3374-120, and Section 3374-73, Miss. Code of 1942, Rec.; and that only those acquiring and holding a franchise from the municipality itself can operate a utility therein. It is also argued on behalf of the appellees that it clearly appears from the language used in paragraph (g) of Section 5 of the Public Utility Act that it was the legislative intent that a utility should not be permitted to operate within a municipality without first obtaining a franchise from the municipality; that Capital Electric had not been granted a franchise by the City of Clinton, and for that reason the chancery court was eminently correct in its holding that Capital Electric should no longer be permitted to operate in the disputed area since the area had been annexed to and made a part of the City.

The questions of law presented for our decision on this appeal are substantially the same as the questions presented in Delta Electric Power Association v. Mississippi Power & Light Co., et al, 250 Miss. 482, 149 So. 2d 504. There is no substantial dispute as to the facts in this case, and on the questions of law the opinion rendered in the Delta Electric Power Association Case is controlling here. We think there was error in the court's holding that the cease and desist order of the Commission violated the statutory

rights of Mississippi Power & Light Company and the City of Clinton. We also think that there was error in its holding that the extension of the corporate limits of the City of Clinton so as to include the disputed area within the City rendered ineffective as to that area the certificate of convenience and necessity granted to Capital Electric under authority of paragraph (b) of Section 5 of the Public Utility Act, and in its holding that Capital Electric was barred of its right to operate within the disputed area after its annexation to the City without first obtaining a franchise from the City.

As stated by the Court in the opinion rendered in the Delta Electric Power Association Case, prior decisions interpreting the Public Utility Act have established two propositions: ██ █ (1) Awards by the Commission of ''grandfather'' certificates under Section 5 are made on an area rather than a facility basis; ██ █ and (2) a certificate of convenience and necessity issued by the Commission is a valuable right which is entitled to protection by the courts. Capital Electric Power Association v. Mississippi Power & Light Co., 240 Miss. 139, 125 So. 2d 739; Mississippi Power Co. et al v. East Mississippi Electric Power Association and Public Service Commission (Miss. 1962), 140 So. 2d 286.

In Capital Electric Power Association v. Mississippi Power & Light Co., supra, which is generally referred to as the ''Elton Case,'' the Court, in discussing the nature of the right acquired by Capital Electric by virtue of the certificate of convenience and necessity issued to it under paragraph (b) of Section 5 of the Public Utility Act, said: ''Capital Electric Power Association is a corporation chartered and operated under Chapter 184, Laws of 1936, Section 5463 et seq., Code of 1942. It is obligated to render nondiscriminatory service to persons living in the area served by it and

on the routes traversed by its distribution lines, if they subscribe therefor. Capital Electric Power Ass'n. v. McGuffee, 226 Miss. 227, 83 So. 2d 837, 84 So. 2d 793, 56 A.L.R. 2d 403. Having served the electrical requirements in the Elton area for more than 17 years, Capital Electric, under paragraph (b) of Section 5, Laws of 1956, Section 7716-05, Code of 1942, acquired the right to a certificate of convenience and necessity therein, being in truth and in fact a franchise from the State. Such right is indeed a valuable one. 'A non-exclusive franchise is a valuable right which can be protected in the courts.' "

In the Delta Electric Power Association case, the court had under consideration the effect of the annexation by the City of Winona of an area lying west of the City, which constituted a part of the service area certificated to Delta Electric by the Public Service Commission and which the Company claimed under a municipal franchise granted by the City many years prior to the annexation; and in its opinion in that case the Court said: "Prior to the Public Utility Act of 1956, Delta for many years had been serving customers in the disputed area, when it was not within the municipal limits. Before the 1959 expansion of Winona's boundaries, Delta obtained its certificate from the Commission to serve that area. The Company's certificate did not include it. We do not think the Act is susceptible of a construction which would permit subsequent expansion of the city limits to extend the Company's service rights into the disputed territory. If it should, this would permit Company's francise from the city, executed long before the annexation, when coupled with the expansion order, to supersede the prior grandfather certificate granted by the Commission to Delta for the disputed area. This is not consistent with the terms of the Act or with the legislative purposes."

What was said in the Delta Electric Power Association case is equally applicable to the facts in this case. The Public Utility Act, in our opinion, is not susceptible of the construction contended for by the appellees and adopted by the lower court, that, when the City of Clinton extended its corporate limits and annexed the disputed area, the certificate of convenience and necessity granted to Capital Electric under paragraph (b) of Section 5 of the Act, in so far as it covered the disputed area, became ineffective. If the legislature had intended that awards by the Commission of service areas under the "grandfather" clause of Section 5 of the Act should be only tentative and subject to change in the event a portion of the certificated area lying outside of a municipality on the effective date of the Act should be thereafter incorporated in a municipality, the legislature in our opinion would have expressly provided for such change and for payment of compensation to the utility whose rights were adversely affected.

As to the appellees' contention that paragraph (g) of Section 5 of the Public Utility Act indicates a legislative intent that a utility shall be required to obtain a franchise from the municipality before operating therein, we think that contention has been fully answered in the opinion rendered in the Delta Electric Power Association case. There is nothing in paragraph (g) of Section 5 to indicate that a utility which has obtained and is operating under a certificate of convenience and necessity issued by the Commission shall have its certificate revoked in whole or in part, or shall be required to apply for another certificate of convenience and necessity, if a part of its certificated area is later incorporated into a municipality.

■■ It is finally contended on behalf of the appellee, Mississippi Power & Light Company, that to deny extension of the Company's municipal franchise and street lighting contract to the disputed area in this case would

violate the impairment of contracts and due process clauses of the state and Federal constitutions. Mississippi Constitution of 1890, Secs. 14, 16; U. S. Constitution, Art. I, Sec. 10, par. 1; 14th Amendment. But that contention has also been answered in the opinion rendered in the Delta Electric Power Association case.

For the reasons stated above the judgment of the lower court, which reversed and set aside the order of the Public Service Commission, is reversed; and the order of the Public Service Commission is reinstated and affirmed.

Reversed and order of Public Service Commission reinstated and affirmed.

All Justices concur.