274 So.2d 665 (1973)
CAPITAL ELECTRIC POWER ASSOCIATION
v.
CITY OF CANTON, Mississippi and Canton Municipal Utilities.
No. 47005.
Supreme Court of Mississippi.
March 12, 1973.
*666 Case & Montgomery, Canton, for appellant.
R.L. Goza, Canton, for appellees.
RODGERS, Presiding Justice.
This suit began in the Chancery Court of Madison County, Mississippi, by bill in chancery in which the appellant, Capital Electric Power Association, sought an injunction against the City of Canton, Mississippi, et al. The suit sought to prevent the Canton Municipal Utilities Commission from furnishing electric power to Canton Academy, Inc. The complainant, appellant here, alleged that it had a certificate of public convenience and necessity issued by the Mississippi Public Service Commission on September 21, 1959, and May 5, 1964, granting the appellant authority to furnish electric power to customers within a certain area encompassing the place where the Canton Academy was constructed. Appellant alleges that it is ready, willing and able to furnish the electric needs of the Academy; that it had furnished temporary service to the construction site of the Academy; and that the appellant was in the process of extending permanent equipment and service to the Academy when on *667 August 23, 1971, the defendants began construction of a power line for the purpose of rendering permanent electric service to the Canton Academy, Inc. It was also alleged that the defendants had previously attempted to build power lines in this area certificated to the appellant, and that the court had previously enjoined defendants from violating the certificated right of the appellant to furnish electric energy within said area. It is also alleged that the City of Canton has expanded its city limits since the date of appellant's certificate of public convenience and necessity. The complainant then prayed that the court grant it an order of cease and desist and require the defendants to remove their poles and equipment from the area certificated to complainant and to pay damages to complainant for the unlawful invasion of its certificated area. Copies of the certificates granted to complainant were attached to the original bill.
The defendants answered the original bill and admitted that the Canton Academy, Inc. property was located within the area granted to the complainant by the Public Service Commission in its certificate of public convenience and necessity. The defendants allege, however, that the Academy property was within one mile of the City of Canton on the date of the certificate to complainant; that the city is exempt from the provisions of the Public Service Act of 1956, Sections 7716-01 et seq., Mississippi Code 1942 Annotated (Supp. 1972), and also regulation by the certificate granted to the appellant. It is then alleged that the complainant does not have the exclusive right to render electric service to Canton Academy, Inc. It is said that in any case, the complainant will not suffer irreparable or immeasurable damages from a denial of a mandatory injunction pending a final adjudication of the right to furnish electrical energy to Canton Academy, Inc. It is further alleged that the defendants have expended eight thousand dollars ($8,000.00) constructing three phase lines to the Academy at its request, and that the complainant is not capable of furnishing electricity to the Academy immediately.
The issue in this case is simply whether or not the certificate of public convenience and necessity issued to the complainant, Capital Electric Power Association, gave it the exclusive right and obligation to furnish electricity to the users of electricity within the area specified in the certificate. The chancellor held that the certificate granted to appellant was not exclusive and that both the appellant and defendants had a right to furnish electrical energy to Canton Academy, Inc. We hold, however, that the certificate of public convenience and necessity issued to the complainant, Capital Electric Power Association, under the so-called "Grandfather Clause" (Section 7716-05(b), Mississippi Code 1942 Annotated [1956]), gave it the exclusive right to furnish electric energy to patrons within the area designated in the certificate.
Before discussing the foregoing proposition, there is one issue that should be disposed of in the outset so as to prevent future error in this regard. During the trial, the complainant offered in evidence an agreement between the City of Canton and Capital Electric Power Association as to the area to be served by each in the distribution of electric energy. This agreement had attached to it a map showing the various areas agreed upon by the parties. The agreement and map included the area here in dispute. The agreement was dated November 19, 1958, and was obviously the information on which the certificate of public convenience and necessity was issued by the Public Service Commission.
The defendants objected to the introduction of these instruments upon the ground that they were not attached to the original bill and were, therefore, not admissible since their admission into evidence would violate the rule set forth in Sections 1469 and 1470, Mississippi Code 1942 Annotated *668 (1956). The pertinent part of Section 1469, supra, is in the following language:
"... [A]nd in actions founded on any writing, a copy of such writing, with the names of subscribing witnesses, if any, shall be annexed to or filed with the declaration; and evidence thereof shall not be given on the trial unless so annexed or filed; and the same shall constitute a part of the record of the cause."
The original bill filed in the instant case was based upon the certificate of public convenience and necessity issued by the Public Service Commission, and not upon a contract with the City of Canton. It was, therefore, not necessary to attach contracts and documents to the original bill, other than the certificate of public convenience and necessity. Robertson v. First National Bank of Biloxi, 244 Miss. 276, 138 So.2d 719 (1962); Refuge Cotton Oil Co. v. Twin City Fire Ins. Co., 152 Miss. 522, 120 So. 214 (1929).
Moreover, Section 1470, Mississippi Code 1942 Annotated (1956) is not applicable because the contract in the instant case was mere evidence of an agreement as to area and was not the right on which the suit was based. cf. Fairley v. Fairley, 120 Miss. 400, 82 So. 267 (1919).
Judge Griffith points out in his Mississippi Chancery Practice, 2d ed., § 190, p. 178 (1950), that "[T]he rule does not extend to those [documents] which are involved only incidentally, or in an evidentiary way, nor to those which are in the possession of the defendant, ..."
The chancellor based his decision and decree in favor of appellees upon parts of our opinion in Mississippi Power & Light Co. v. Town of Coldwater, 234 Miss. 615, 106 So.2d 375, 99 So.2d 443, 112 So.2d 222 (1958). The Coldwater case is not applicable to the facts in this case as will be observed from the first line in the statement of facts:
"The complainant, a Florida corporation, has had a nonexclusive electric franchise to operate in DeSoto County since November 4, 1927; and has had such a franchise in the Town of Coldwater since November 11, 1941, ..." 234 Miss. at 626, 106 So.2d at 376.
The appellant in Coldwater, supra, had only requested, but had not received, a certificate under the "Grandfather Clause" [Sec. 7716-05(b), Miss.Code 1942 Ann. (1956)] giving it any right to operate a public utility in the Town of Coldwater. The appellant's claim to operate an electric utility in Coldwater was based only upon the nonexclusive franchise from the municipality.
We have repeatedly held that the certificate of public convenience and necessity issued by the Public Service Commission to operate an electric utility is an exclusive right to operate in a designated area, so long as the utility is capable of rendering electric service to the public located in the area. Capital Electric Pow. Ass'n. v. Mississippi Pow. & L. Co., 250 Miss. 514, 150 So.2d 534 (1963); Delta Electric Power Ass'n. v. Mississippi P. & L. Co., 250 Miss. 482, 149 So.2d 504 (1963); Mississippi Power Co. v. East Miss. Electric Pow. Ass'n., 244 Miss. 40, 140 So.2d 286 (1962); Capital Electric Power Ass'n. v. Mississippi P. & L. Co., 240 Miss. 139, 125 So.2d 739 (1961).
Now again we repeat, an award of a certificate of public convenience and necessity by the Public Service Commission to an electric utility is an exclusive permit to furnish electricity to the persons using electricity in the area designated and certificated to the utility so long as the utility holding the certificate is capable and willing to provide electric energy to the persons within the area. We think Section 7716-05, Mississippi Code 1942 Annotated (1956) clearly provides for an exclusive certificate of public convenience and necessity to a utility in order to prevent wasteful duplication of competing service and equipment.
*669 The appellee contends, however, that since it is a municipality, it is not subject to the authority of the Public Service Commission, that it is exempt from the commission's regulation, and that it can own and operate a municipal electric system and run its lines anywhere it may choose within the city and within a one-mile corridor outside the city limits. Appellee cites for our consideration Section 7716-01(H), Mississippi Code 1942 Annotated (Supp. 1972). This section is in the following language:
"H. Any public utility as defined in paragraph D above, owned or operated by a municipality shall not be subject to the provisions of this act, except as to extension of utilities greater than one (1) mile outside corporate boundaries after the effective date of this act."
This Court has pointed out heretofore that the language of the foregoing Code section is not a grant of an area in which the municipality is free to operate its electric lines, but, rather, is an exemption from regulation by the Public Service Commission. Mississippi Power Co. v. East Miss. Electric Pow. Ass'n., 244 Miss. 40, 140 So.2d 286 (1962).
Section 7716-05(d), Mississippi Code 1942 Annotated (1956) makes it clear that two or more utilities may hold certificates of public convenience and necessity for similar operations in the same municipality. We are then told by the statute that:
"... [S]uch operation may be carried on by such persons within their respective certificated areas and such persons shall be exempt from further application to the commission for extension of or additions to their facilities within their respective certificated areas of said municipality, including any extensions of the corporate limits thereof."
In Delta Electric Power Ass'n. v. Mississippi P. & L. Co., 250 Miss. 482, 149 So.2d 504 (1963), this Court referred to Paragraph (d) of Subsection (5), Mississippi Public Utility Act, Chapter 372, Section 40, Laws of 1956, and stated:
"Subsection (d) recognizes that two public utilities, such as Delta and Company, may hold certificates for similar operations in the same municipality. It authorizes operations to be carried on by them `within their respective certificated areas,' and exempts them from further application for extension of their facilities within their `respective certificated areas of said municipality, including any extensions of the corporate limits thereof.'" 250 Miss. at 504, 149 So.2d at 510.
The Court went on to hold that the electric association had the right to furnish electric energy to persons within its certificated area although the city expanded the city limits so as to expand into the area being served by the electric association. We pointed out in Delta that to hold otherwise would impute to the legislature an intent inconsistent with its purpose to avoid duplicating facilities. Capital Electric Pow. Ass'n. v. Mississippi Pow. & L. Co., 250 Miss. 514, 150 So.2d 534 (1963).
We held to the same effect [as in Delta, supra] in Mississippi Power Co. v. East Miss. Electric Pow. Ass'n., 244 Miss. 40, 140 So.2d 286 (1962), wherein we said that the certificate of public convenience and necessity awarded to East Mississippi Electric Power Association should be upheld against the contention of the City of Louisville, Mississippi that Section 7716-01(H), Mississippi Code 1942 Annotated (Supp. 1972) conveyed to it the sole right to operate within one mile of the city limits. We said: "We do not deem this provision of the act as a grant but consider it as an exemption from regulation." (244 Miss. at 47, 140 So.2d at 287) We upheld the acts of the Mississippi Public Service Commission in awarding an area in which the electric association was permitted to furnish electric energy to its customers.
In Capital Elec. Pow. Ass'n. v. Mississippi Power & L. Co., 218 So.2d 707 (Miss. *670 1969) we reviewed the cases with reference to the area concept, and again held that the certificated area was an exclusive right to serve the designated area. In that case it was shown that a new building was erected at Mississippi College known as Whittington Hall, and this building is located in the area certificated to Capital Electric Power Association within the City of Clinton, Mississippi. The Mississippi Power & Light Company had a twenty-five (25) year franchise to provide electricity to Clinton. The Mississippi Power & Light Company had extended its lines so as to serve Whittington Hall. It later attempted to convey all its facilities within the area certificated to Capital Electric. The Public Service Commission issued an order against Mississippi Power and Light Company directing it to cease and desist furnishing electric power to the area certificated to Capital Electric. This Court reversed a decree of the chancery court and reinstated the cease and desist order entered by the Mississippi Public Service Commission, and held that the college could not buy electric power from an outside electric utility and transport it over its own lines into the area certificated to another electric utility company. We cited the Capital Electric Power Ass'n. v. Mississippi P. & L. Co., 240 Miss. 139, 125 So.2d 739 (1961) case, the so-called "Elton case", in Capital Elec. Pow. Ass'n. v. Mississippi Power & L. Co., 218 So.2d 707 (Miss. 1969), for the proposition that "A customer does not have a right to choose what utility to purchase service from." (218 So.2d at 714). We reviewed the cases previously decided by this Court and again pointed out that a certificate of public convenience and necessity is an exclusive permit to operate in the designated area.
It is argued that the City of Canton can run its power lines anywhere in the City of Canton, including the area certificated to Capital Electric Power Association, based on the theory that since it is one electric utility owned and operated by the City of Canton, it is not subject to the provisions of the Public Service Commission Act [Sec. 7716-01(H), Miss.Code 1942 Ann. (Supp. 1972)]. The argument that a municipally-operated electric utility is not subject to regulation by the Public Service Commission and that the Public Service Commission has no jurisdiction over Canton and cannot prevent it from operating anywhere in the city [Sec. 7716-05(d), Miss.Code 1942 Ann. (1956)] is erroneous and unsound for the following reasons.
First  it is clear from the foregoing authorities that the Public Service Commission has the authority to issue certificates of public convenience and necessity to operate electric utilities to persons operating such utilities within the area at the effective date of the public service, although such utilities were operating within city limits of a municipality [Sec. 7716-05 (d), Miss.Code 1942 Ann. (1956)].
Second  it is clear that the legislature intended the certificates to be issued on an area basis rather than on a facility basis [Sec. 7716-05(d), Miss.Code 1942 Ann. (1956) and authorities cited above].
Third  although it is true that the municipal electric utility is not subject to the regulation of the Public Service Commission, and it has no authority to issue a cease and desist order against the municipality, as it may do against regulated utilities; nevertheless, the right to operate a public electric utility under the authority of a certificate of public convenience and necessity issued by the Mississippi Public Service Commission is a valuable right which may be protected by the courts. (See cases cited in Capital Elec. Pow. Ass'n v. Mississippi Power and L. Co., 218 So.2d 707 at 712 [Miss. 1969]).
Fourth  the invasion of an area certificated to a public utility by another utility, even though the invading utility belongs to a municipality, will subject it to a suit in the courts and to damages growing out of such invasion. City of Jackson v. Creston Hills, Inc., 252 Miss. 564, 172 So.2d 215 (1965).
*671 The sale of water by a water distributing agency is also subject to regulation by the Public Service Commission in the same manner as are public electric utilities. [Sec. 7716-05, Miss.Code 1942 Ann. (1956)]. The opinion in the Creston Hills case, supra, is applicable to the facts in the instant case. In the Creston Hills case a certificated public utility operated a water company outside the City of Jackson. The city extended its city limits and invaded the certificated area of the water company by putting down pipe and offering water to the customers of the water company. The activity of the city caused the water company to go out of business. The water company sought a cease and desist order from the Public Service Commission. The chancery court held that the Public Service Commission had no jurisdiction over the City of Jackson on which a cease and desist order could be issued. The water company then sought damages in the court. The city contended that when it expanded its city limits it had exclusive right to extend the city water supply into the new area. This Court held, however, that the city had no right to invade the Creston Hills certificated area without first paying compensation as provided by Section 17, Mississippi Constitution 1890. We cited many of the electric power cases previously above set out and affirmed the case as to liability and remanded it for a trial as to the amount of damages due to Creston Hills, Inc.
In the instant case we are of the opinion that the decree of the trial court denying the appellant an injunction against the City of Canton enjoining it from invading the certificated area of Capital Electric Power Association is erroneous as a matter of law. The decree of the chancery court is, therefore, reversed and the injunction prayed for will be granted by the trial court, and the case is remanded so that the trial court may determine the amount of damages, if any, due appellant growing out of the invasion of Capital Electric's certificated area by the City of Canton.
The injunction against the City of Canton sought by the appellant will be granted by the chancellor, and the case is remanded for further procedure.
Reversed and remanded.
INZER, ROBERTSON, WALKER and BROOM, JJ., concur.