370 So.2d 1339 (1979)
CITY OF KOSCIUSKO, Mississippi and Kosciusko Light & Water Commission, Defendants-Appellants,
v.
MISSISSIPPI POWER & LIGHT COMPANY, Complainant-Appellee.
No. 51094.
Supreme Court of Mississippi.
May 9, 1979.
John D. Guyton, Kosciusko, for defendants-appellants.
Wise, Carter, Child, Steen & Caraway, James K. Child, Jr., Jackson, for complainant-appellee.
Before PATTERSON, BROOM and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal from the Chancery Court of Attala County which court enjoined the City of Kosciusko and the Kosciusko Light & Water Commission from extending electric service into newly-annexed areas of the city.
The Kosciusko Light & Water Commission was created in 1947 by order of the *1340 city's mayor and board of aldermen. Until 1951 the commission generated its own power; during that year it commenced purchasing power from Mississippi Power & Light Company, hereinafter MP&L, but controlling the distribution.
During the legislative session of 1956 the Public Utilities Act of 1956, now found in its amended form at Mississippi Code Annotated section 77-3-1, et seq. (1972), was enacted. It organized the previously relatively uncontrolled utilities and created the Mississippi Public Service Commission to govern and issue certificates of necessity and convenience. Municipally owned utilities were specifically exempt from this certification.
On May 12, 1959, before MP&L applied for the necessary certification in the questioned area, an agreement was entered into with the City of Kosciusko providing:
Neither party shall distribute or furnish electric energy to anyone who at the time of the proposed service is receiving electric service from the other; provided, however, that customers shall have the right to serve any customer of company located inside the corporate limits as they now exist or may hereafter be extended by compensating company for its local facilities used to serve such customer. Specific consent is hereby given by customer to company to continue to serve Superior Coach Corporation's plant including the right and privilege of constructing, maintaining, and operating electric facilities necessary thereto along such streets, alleys, ways, bridges, and public places as required.
MP&L then obtained an interim and partial certificate on November 29, 1959, from the Public Service Commission. This certification did not extend within the then corporate limits of Kosciusko except for the Superior Coach Corporation, MP & L's long-time customer. In 1966 the City of Kosciusko annexed a considerable area, including the future site of Forest Hills Subdivision and Pasquale's Restaurant which service areas are the subject of this suit.
In 1968 the Public Service Commission made final MP & L's earlier certificate of public convenience and necessity. In 1970 MP & L and Kosciusko entered into an agreement continuing the same boundary clause as in 1956. In 1974 another agreement was entered, with the following substituted for the earlier clause:
It is mutually agreed that each party to this agreement shall retain and continue to render service to the customers and service locations to which the parties' facilities were connected on April 2, 1974.
In 1976 the Kosciusko Light & Water Commission began establishing its distribution services in the Forest Hills Subdivision. MP & L commenced an action to enjoin that expansion, and later added the area of Pasquale's Restaurant by amendment. Hearing was first had in the Chancery Court of Attala County on March 30, 1976, and thereafter a special chancellor was appointed. A long process of adjudication culminated in an order of November 4, 1977, which permanently enjoined the city from extending services beyond the municipal boundaries of November 25, 1959. The underlying rationale was that the certification of November 25, 1959, created a property right in MP & L which is immune to encroachment by annexation.
The central issue of this appeal is the propriety of restricting Kosciusko's municipally-owned utility service to the municipal limits of 1959. The city and its alter ego utility assert certification of MP & L by the Mississippi Public Service Commission cannot obstruct their expansion because municipalities are exempt from the necessity of certification and regulation. Miss. Code Ann. § 77-3-1 (1972). Therefore, the city suggests the agreement of May 12, 1959, because of the exemption must be construed in its favor, thereby allowing expansion.
We agree that a city needs no certification and rate regulation beyond the price structure of economics. See Mississippi Power Co. v. East Mississippi Electric Power Ass'n, 244 Miss. 40, 140 So.2d 286 (1962). However, price and area are different. We cannot agree that Section 77-3-1 permits an exempt municipal utility to intrude *1341 into a regulated utility's certified area. Two reasons are persuasive. First, the idea that a municipally-owned utility may extend its services wherever and whenever it desires, overlapping with other power sources, would make a shambles of the orderly and regulated scheme of utility service ordained by our legislature in the Public Utilities Act. Capital Electric Power Ass'n v. Mississippi Power & Light Co., 240 Miss. 139, 125 So.2d 739 (1961). The second is that on the day of certification MP & L was granted a property right to service the disputed area outside Kosciusko. In Capital Electric Power Ass'n. v. City of Canton, 274 So.2d 665 (Miss. 1973), we stated:
The issue in this case is simply whether or not the certificate of public convenience and necessity issued to the complainant, Capital Electric Power Association, gave it the exclusive right and obligation to furnish electricity to the users of electricity within the area specified in the certificate. The chancellor held that the certificate granted to appellant was not exclusive and that both the appellant and defendants had a right to furnish electrical energy to Canton Academy, Inc. We hold, however, that the certificate of public convenience and necessity issued to the complainant, Capital Electric Power Association, under the so-called "Grandfather Clause" (Section 7716-05(b), Mississippi Code 1942 Annotated [1956]), gave it the exclusive right to furnish electric energy to patrons within the area designated in the certificate.
(274 So.2d at 667)
On November 25, 1959, MP & L received its certification covering the controverted area. Since that day it has held both a right to sell its product there, and an obligation to provide adequate services. Only failure to fulfill its obligation can endanger this right. Delta Electric Power Ass'n. v. Mississippi Power & Light Co., 250 Miss. 482, 149 So.2d 504 (1963).
The second issue before this Court is whether or not the Kosciusko Light & Water Commission in 1959 received notice of certification. Appellants assert if no notice was received, certification would not be binding upon them for lack of process. The record reveals the City of Kosciusko did receive notice of MP & L's certification by certified mail which complied with the "reasonable notice" of the statute. This is specifically reflected in the November 25, 1959, order granting an interim and partial certificate of convenience to which appellants refer with frequency. Notice to the city was sufficient to notify the city's alter ego, the light and water commission, in our opinion.
Appellants next assert the trial court unduly restricted their efforts to introduce evidence concerning their servicing a portion of the area now in dispute prior to the city expansion. We think it sufficient to state that we have examined the voluminous record and conclude the trial court was correct in not permitting this testimony into evidence because the Grandfather Certificate of MP & L had previously been obtained, giving it the exclusive right to the area. We therefore think the excluded evidence was not material to the present issue.
We find before us a case produced by the concurrent trends of municipal expansion and certified regulated utilities, a conflict not unknown to this Court. Indeed, we are of the opinion Capital Electric Power Ass'n v. City of Canton, supra, controls its central issue and therefore, the judgment of the trial court must be affirmed.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.