## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CC-01509-SCT

*ARNOLD LINE WATER ASSOCIATION, INC.*

*v.*

*MISSISSIPPI PUBLIC SERVICE COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/23/1997 |
| TRIAL JUDGE: | HON. KENNETH BARKLEY ROBERTSON |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JEFFREY LOEWER HALL |
| | MICHAEL DWIGHT CALLAHAN |
| ATTORNEYS FOR APPELLEE: | WILLIAM BRUCE McKINLEY |
| | FRANCES CORLEY LYNCH |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 03/25/1999 |
| MOTION FOR REHEARING FILED: | 4/22/99 |
| MANDATE ISSUED: | 6/10/99 |

**EN BANC.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. This case began when Arnold Line Water Association, Inc. (hereinafter "ALWA"), filed a motion, on November 15, 1993, before the Mississippi Public Service Commission (hereinafter "Commission"), to set aside a previous order issued by the Commission. ALWA complained that the Commission had failed to give ALWA notice that a portion of its certificated area was to be canceled in favor of the City of Hattiesburg (hereinafter "the City"). ALWA alleged that it had no opportunity to be heard on the issue.

¶2. The City filed a response to the motion on December 2, 1993, as a real party in interest. The City asserted that ALWA was given notice of the Commission's order. The City claimed that a purchase agreement concerning the disputed area was entered into between the City and ALWA in August of 1988. The City asserted that the purchase agreement, upon which the Commission relied in canceling a portion of ALWA's certificate, required no further notice to ALWA.

¶3. The Commission conducted a hearing in January of 1994, and the Commission entered its order on March 14, 1994. The Commission found that it had canceled a portion of ALWA's certificated area in an order dated September 25, 1992. Because the purchase agreement between ALWA and the City involved no sale or assignment of a certificate, the Commission held that the notice provisions of Miss. Code Ann. § 77-3-23 (1991 & Supp. 1998), were not applicable. As a result, the Commission found that the mailing of the September 25 order to all interested parties served as sufficient notice.

¶4. ALWA filed its notice of appeal with the Chancery Court of Lamar County, Mississippi on April 13, 1994. The City requested that the chancellor recuse himself because of the elaborate background of facts relating to the City's growth west into Lamar County and the resulting political tensions. The chancellor granted the motion, and Chancellor Kenneth B. Robertson of Pascagoula was subsequently appointed by this Court as special chancellor.

¶5. After all interested parties filed briefs, the special chancellor filed his opinion on October 27, 1997. The chancellor stated that the situation between ALWA and the City relating to the 1988 Purchase Agreement was complex: ALWA had sued the City in federal court and the 1988 Purchase Agreement was a result of the compromise and settlement between them.

¶6. The chancellor also noted as a factual matter that at the hearing, ALWA had not produced the person employed by the Commission charged with sending the notice of the September 25, 1992, order, nor had it produced its own secretary-treasurer, the person responsible for receiving the notice.

¶7. The chancellor held that since post-deprivation notice and due process were available in circumstances where the parties had previously agreed on the conveyance of a certificated area, that ALWA had failed to demonstrate a due process violation. As a result, the chancellor found that the Commission had not acted in an arbitrary or capricious manner.

¶8. Taking exception to the chancellor's judgment, ALWA appealed to this Court on November 26, 1997, raising the following issues:

> **I. THE COMMISSION'S FINDING THAT ALWA WAS AFFORDED DUE PROCESS OF LAW WHEN A PORTION OF ITS CERTIFICATED AREA WAS CONVEYED TO THE CITY IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.**
>
> **II. THE MISSISSIPPI PUBLIC SERVICE COMMISSION LACKS JURISDICTION TO SETTLE A CONTRACT DISPUTE.**

¶9. We find that the special chancellor was correct in holding that ALWA received actual notice of the Commission's 1992 amendment regarding the certificated area in dispute. Further, the special chancellor did not abuse his discretion, nor was he manifestly in error in finding that the Commission had jurisdiction to act in this matter. Therefore, we conclude that ALWA's appeal is meritless, and we affirm the judgment below.

## STATEMENT OF FACTS

¶10. ALWA is a non-profit corporation supplying domestic and fire-flow water to its subscribers/customers within its certificated area. ALWA's certificated area, established by the Certificate of Public Convenience and Necessity, issued to ALWA by the Commission on June 1, 1967, encompasses an area in Lamar County, Mississippi, bordering the municipal boundaries of the City of Hattiesburg, Mississippi.

¶11. On or about August 2, 1988, the City and ALWA entered into a purchase agreement in order to resolve pending federal court litigation between them. In the settlement agreement, the City agreed to pay $180,000 in return for a portion of ALWA's certificated territory located on three parcels of land. The area which is the object of this dispute (hereinafter "Tract 3") was under consideration as the site of a future shopping center.[1] The 1988 agreement read as follows regarding Tract 3:

> Association [ALWA] does further agree that it will transfer and convey to City without additional consideration that portion of its certificated territory located in Lamar County, Mississippi more particularly described herein below, that may be developed as a shopping center and/or shopping mall . . . .

¶12. After this agreement was executed, the parties jointly petitioned the Commission to approve the conveyance. The Commission stated in its order of September 13, 1988, that the parties had "request[ed] approval of the sale and transfer of a portion of the Certificate of Public Convenience and Necessity held by Arnold Line Water Association, Inc., to the City. . . ." In its September 13 order, the Commission approved the cancellation of ALWA's certificate for Tracts 1 and 2, but did not mention Tract 3.

¶13. On September 8, 1992, the City contacted the Commission seeking guidance as to how it could amend the September 1988 order to also include Tract 3. In this regard the City Clerk, Ms. Clarice Wansley, wrote a letter to the Commission which stated in part:

> You will note that on pages 4 and 5 of the agreement between the City and Arnold Line a certain portion of Arnold Line's certified territory, located in Lamar County, Mississippi, was omitted from the Public Service Order by an apparent error or oversight.

> Would you please give the City guidance as to how the original order may be amended *nunc pro tunc*, to include this parcel of property.

¶14. In response to the City's letter, the Commission amended its prior 1988 order with an order dated September 25, 1992, which deleted Tract 3 from ALWA's certificated area. The Commission's order stated that its actions were pursuant to a joint application from ALWA and the City.

¶15. On November 12, 1993, ALWA filed its petition to set aside the Commission's September 25, 1992 order, claiming it had never received notice of the order or the amendment it contained. This matter was set for hearing before the Commission on January 26, 1994.

¶16. On March 14, 1994, the Commission denied ALWA's petition, and ALWA timely perfected an appeal to the Chancery Court of Lamar County on April 13, 1994. Briefs from all interested parties were considered by the special chancellor, and on October 23, 1997, the Court affirmed the Commission's order.

## DISCUSSION OF THE ISSUES

### Standard of Review

¶17. In reviewing the decisions of administrative agencies, a reviewing court must uphold the agency's decision unless it finds that "the administrative agency 1) was unsupported by substantial evidence, 2) was arbitrary or capricious, 3) was beyond the power of administrative agency to make, or 4) violated some

statutory or constitutional right of the complaining party." *Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors*, 621 So. 2d 1211, 1215 (Miss. 1993). A rebuttable presumption exists in favor of agency decisions, and an appellate court may not substitute its judgment for that of an agency. *Id*. at 1216. Finally, the scope of appellate review is limited to the administrative record and the findings of the agency. *Board of Law Enforcement Officers Standards & Training v. Butler*, 672 So. 2d 1196, 1199 (Miss. 1996).

### I. THE COMMISSION'S FINDING THAT ALWA WAS AFFORDED DUE PROCESS OF LAW WHEN A PORTION OF ITS CERTIFICATED AREA WAS CONVEYED TO THE CITY IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

¶18. ALWA first asserts that it was denied due process of law when the Commission conveyed the certificated area in Tract 3 to the City. ALWA claims that it had no notice of the Commission's 1992 amendment of the original 1988 order. As a result, ALWA claims that a valuable property right was unlawfully taken from it by the Commission and that the special chancellor's affirmance of this action was in error. The Commission argues that ALWA had actual notice of the amended order or alternatively had constructive notice of the City's claim to own the rights to supply water to the disputed area. The Commission claims that ALWA either negligently forfeited or knowingly waived its rights to an evidentiary hearing following notice of the order.

¶19. We held in *City of Kosciusko v. Mississippi Power & Light Co.*, 370 So. 2d 1339, 1341 (Miss. 1979), that a certificate of public convenience and necessity is a valuable and exclusive property right. Further we have held that "no person may be deprived of his property right except by due process of law." *Mississippi Tel. Corp. v. Mississippi Public Service Comm'n*, 427 So. 2d 963, 967 (Miss. 1983) (*citing* U.S. Const. Amend. XIV, § 1; Miss. Const. art. 3, § 14).

¶20. The procedure governing the sale, assignment, lease or transfer of a certificate of public convenience and necessity is found in Miss. Code Ann. § 77-3-23. Section 77-3-23 provides in part that whenever a purchase, lease, assignment, or other transfer is proposed, a public hearing is required. Further, notice of the hearing must be mailed to all interested parties and additional notice published in a Jackson, Mississippi, newspaper of general circulation.

¶21. Regarding service on parties, Miss. Code Ann. § 77-3-57 (1991), provides the following:

> Service in all hearings, investigations and proceedings pending before the commission shall be made personally in the manner in which process is required by law to be served or by registered or certified mail, as the commission may direct.

¶22. Additionally, Miss. Code Ann. § 77-3-59 (1991), states in relevant part:

> After the conclusion of the hearing, the Commission shall make and file its findings and order, and its opinion, if any . . . A copy of such order certified under the seal of the commission, shall be served upon the person against whom it runs, or his attorney, and notice thereof shall be given to the other parties to the proceedings or their attorneys.

¶23. Concerning alteration of orders by the Commission, Miss. Code Ann. § 77-3-61 (1991), declares:

> The commission may at any time, after notice, and after opportunity to be heard as provided in

section 77-43-47,[(2)] rescind or amend any order or decision made by it. Any order rescinding or amending a prior order or decision shall, when served upon the utility affected and after notice thereof is given to the other parties to the proceedings, have the same effect as original orders or decisions. . . .

¶24. In the case *sub judice*, the president of ALWA, Mr. Thomas Price, testified that ALWA never received a copy of the amended order. Price testified that he had searched ALWA's records, spoken with employees and inquired of its attorney. All indicated no knowledge of the 1992 order.

¶25. Price claimed that he did not learn of the 1992 order until October of 1993. At that time, he observed City workers boring on Weathersby Road and setting lines. Price spoke with Mr. Bennie Sellers, the City's engineer and Director of Public Services, and asked Sellers if he realized the City was installing line in an area controlled by ALWA. In response, Sellers sent Price a copy of the amended order.

¶26. At the Commission's hearing, its Executive Secretary, Mr. Brian Ray, testified that joint applications are handled administratively. Ray stated that because municipalities are not within the jurisdiction of the Commission, a cancellation of part of a utility's certificated area in favor of a municipality is not considered a sale or transfer of a certificate and therefore does not require statutory notice as outlined in § 77-3-23.

¶27. Ray stated that joint applications are first referred to the engineering department of the Commission's Public Utilities staff for review, and, upon staff approval, an order is issued by the Commission. Ray also testified that he personally remembered instructing the secretary who handled notices to send a copy of the amended order to ALWA.

¶28. When the Commission amended the September 13, 1988, order, the Commission had before it the original order, the original purchase agreement, and a request from the City. The Commission amended the order and claims that it mailed copies to all interested parties, including ALWA. The Commission found "it is highly unlikely that ALWA did not receive actual notice based upon the testimony of its own witnesses."

¶29. Any person who is seeking to vacate an order of the Commission bears the burden of proof. Miss. Code Ann. § 77-3-77 (1991). The special chancellor underscored this point when he observed that ALWA had not bothered to subpoena or present testimony from either the "person who was responsible for sending [ALWA] a copy of the September 25, 1992, Order nor the person at [ALWA] who was responsible for receiving a copy of the same . . . ."

¶30. Therefore, this Court finds that ALWA's claim that it did not receive proper notice is without merit and is denied. The record does not clearly demonstrate whether a copy of the September 25, 1992, order was ever sent to ALWA. However, the special chancellor did not abuse his discretion, nor was he in manifest error when he found that ALWA had received actual notice of the amended order, because his opinion was based on substantial and credible evidence.

### II. THE MISSISSIPPI PUBLIC SERVICE COMMISSION LACKS JURISDICTION TO SETTLE A CONTRACT DISPUTE.

¶31. ALWA alternatively argues that the Commission acted beyond its jurisdiction when it acted to settle this dispute. ALWA contends that the central issue surrounding this case is an interpretation of the August, 1988, agreement between the City and ALWA. ALWA claims that the 1988 purchase agreement only conveyed to the City that portion of Tract 3 to be utilized as a shopping mall and did not give the City a

right to take all of Tract 3. ALWA alleges that the proper forum in which to settle this "contract dispute" is a court of competent jurisdiction and not the Commission.

¶32. We find this argument unpersuasive. Miss. Code Ann. § 77-3-5 (1991), provides that, "Subject to all limitations imposed in this article and in accordance with the provisions hereof, the public service commission shall have **exclusive original jurisdiction over the intrastate business and property of public utilities**. . . ." (emphasis added). ALWA fails to cite any authority which would exclude the present matter from the Commission's exclusive, original jurisdiction.

¶33. Thus, the special chancellor correctly held that the Commission had jurisdiction to resolve this matter.

## CONCLUSION

¶34. The special chancellor did not abuse his discretion, nor was he manifestly in error, when he found that ALWA received actual notice of the Commission's 1992 amendment regarding the certificated area in Tract 3. Further, the chancellor correctly found that the Commission had jurisdiction to act in this matter. Therefore, ALWA's appeal is meritless, and the judgment of the Lamar County Chancery Court is affirmed.

¶35. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR.**

1. The Turtle Creek Mall was subsequently developed on Tract 3.

2. Section 77-3-47 provides that the commission shall serve notice of hearings "not less than 20 days before the time set for such hearings." Additionally, "[t]he commission may dismiss any complaint without a hearing if in its opinion a hearing is not necessary in the public interest or for the protection of substantial rights."