EAST MISSISSIPPI ELECTRIC POWER ASSOCIATION *v.* CITY OF LOUISVILLE, A MUNICIPAL CORPORATION, et al.

No. 43130          October 19, 1964          168 So. 2d 287

*Floyd, Cameron, Deen & Prichard,* Meridian, for appellant.

*J. Hoy Hathorn,* Louisville, for appellees.

*Hedgepeth, Price & Hedgepeth,* Jackson; *Pittman, King & Pittman,* Hattiesburg, Amici Curiae.

Lee, C. J.

This cause arose from a bill of complaint by East Mississippi Electric Power Association, a corporation, against the City of Louisville and the Louisville Electric System, a department of the city, and others for the purpose of obtaining an injunction which would restrain the defendants from the future use or construction of electric lines and facilities in the complainant's alleged "grandfather" certificated area, and require the defendants to remove their lines and facilities from such area.

The answer of the defendants denied that the area here involved was granted by the Public Service Commission to the complainant; and also denied all material allegations of the bill.

After a full hearing, the court dismissed the bill of complaint; and from that action, the association appealed.

This litigation is in the nature of a sequel to Mississippi Power Co., et al v. East Mississippi Electric Power Assn., et al, 244 Miss. 40, 140 So. 2d 286. In that case East Mississippi was granted a certificate of public convenience and necessity by the Public Service Commission, covering all or portions of eleven counties. Louisville Electric System, the appellee here, contested the application of East Mississippi, as to the area within one mile around and adjacent to the City of Louisville, contending that the city had the sole right to operate within the one mile limit around the city.

The opinion in the above case cited Section 7716-01H, Code 1942 Rec., which is as follows: "H. Any public utility as defined in Paragraph D above, owned or operated by a municipality shall not be subject to the provisions of this act, except as to extension of utilities greater than one mile outside of corporate boundaries after the effective date of this act."

As against Louisville Electric System's contention that the above quoted statute gave it the sole right to operate within the one mile limit, the opinion said: "We do not deem this provision of the act as a grant but consider it as an exemption from regulation. We cannot think that the legislature intended by this exemption to take from a company that was operating within said corridor on the date of the act its right to operate therein and *we think the Public Service Commission was justified in allotting to East Mississippi that area within said corridor in which it was operating on the effective date of the act.*" (Emphasis supplied.)

The appellant claims that it has a certificate for the area here in question. It cites Delta Electric Power Assn. v. Mississippi Power & Light Co., et al., 250 Miss. 482, 149 So. 2d 504; Capital Electric Power Assn. v. Mississippi Power & Light Co., et al., 250 Miss. 514, 150 So. 2d 534, and other cases, involving similar principles.

When the order, granting the association's certificate under date of April 1, 1959, and amended April 27 and December 10, 1959, is considered, it is clear that the commission intended to allot to the association only the area in the corridor in which it was operating, that is, where it was serving several customers, whose properties were adjacent to these lines as they came into and proceeded out of the City of Louisville. It must be remembered that the association, for the purpose of serving the rural areas, obtained its current from transmission lines which ran through the city. The rights

of the parties were of course limited by the terms of the certificate. The association could continue to render service to the customers that were being served by it on the effective date of the act. This constituted its certificated area, lying within the one mile corridor around the City of Louisville. In this particular instance, there was no violation of the intent to prevent duplicated service.

■■ ■ Clearly it was the intent of the commission to recognize that the association, on the effective date of the act, was rendering adequate and sufficient service to several customers within the one mile corridor. Consequently, the commission did the equitable thing. It permitted the association to continue to serve the customers which it was serving on March 29, 1956, the effective date of the act which gave it authority to grant certificates of public convenience and necessity. The city was unrestricted in its right to serve the entire remainder of the one mile corridor.

It should be borne in mind that in Delta Electric Power Assn. v. Mississippi Power & Light Co., et al, supra, and Capital Electric Power Assn. v. Mississippi Power & Light Co., et al, supra, the cities of Winona and Clinton were not operating electric utilities. Besides, the two associations, for sometime prior to the awards to them, had been operating electric utilities within those particularly described areas. The defendants in those two cases held franchises in those cities by reason of legal grants from the municipalities. Subsequently, when the corporate limits, in each instance, were extended, the defendants attempted to extend their franchises over the added territory. There is no conflict whatever in the principles announced in that line of cases and the principles involved in the commission's actions in the present case. It is clear therefore, that there was no violation by the City of Louisville and Louisville Electric System, of the rights of the associa-

tion, as granted to it by the Public Service Commission. Consequently, the decree of the trial court must be, and it is, affirmed.

Affirmed.

*Ethridge, Gillespie, McElroy and Jones, JJ.*, concur