MISSISSIPPI POWER & LIGHT COMPANY *v.*
DELTA ELECTRIC POWER ASSOCIATION

No. 43485 April 19, 1965 174 So. 2d 356

*Wise, Smith & Carter, James K. Child, Jr.,* Jackson, for appellant.

*Lott & Sanders,* Greenwood, for appellee.

JONES, J.

This matter was heard before the Public Service Commission on a petition of Mississippi Power & Light Company and a petition of Delta Electric Power Association, each of which requested that they be granted a grandfather certificate under Mississippi Code Annotated section 7716-05(b)(1956) for the area known as the Greenville Air Force Base in Washington County, Mississippi. Mississippi Power & Light Company claimed the right to a grandfather certificate to all of said area within the fence and Delta Electric Power Association claimed the right to a portion thereof as well as to a portion of the land of the area outside the fence. The Commission entered an order permitting each of the parties to continue the operations that they had within the fenced area on the effective date of the Public Utility Act, but declined to issue a certificate of convenience and necessity on an area basis to any part of the land within the fence. The Commission reserved jurisdiction to hear the matter at a later date and to then issue appropriate certificates of convenience and necessity if later developments or a change in circumstances should justify it.

The Commission reserved full jurisdiction so to do and provided that nothing in this order would be construed as res adjudicata or prejudicial to the grand-

father rights of either party upon any future hearing that might be held. The Commission found that no worthwhile purpose would be served at the time of the hearing by a grant of a certificate of public convenience and necessity to either of the applicants.

Mississippi Power & Light Company appealed to the Chancery Court of Hinds County, Mississippi, and Delta Electric was summoned as a respondent in said appeal. In the chancery court the chancellor, considering matters that had happened since the hearing before the Public Service Commission, entered an order remanding the cause to the Commission for a further hearing in light of these after developed facts. From this decree the Mississippi Power & Light Company appeals to this Court, and Delta Electric appears as appellee.

On June 23, 1941, the City of Greenville and the United States of America entered into a lease agreement under the terms of which the lands here involved were leased to the Government for a period beginning June 23, 1941, and ending June 30, 1941, but with a provision that the Government, at its option, might renew the lease from year to year at a rental of $1.00 per annum until June 30, 2040. The lease also contained a provision that the Government should have the right at any time during the term of the lease, or any renewal thereof, to purchase all of the property described in said lease. Supplements were later made to said lease, but for the purposes of this decision are not considered essential to discuss. On April 1, 1953, a contract was entered into by and between the United States of America and Mississippi Power & Light Company whereby the Government was to purchase and receive from the power company electric service as requested by the Government at the said Greenville Air Base. This contract provided that it should continue in effect until terminated at the option of the Government.

The area within the fence at the said Air Base constituted approximately 2,000 acres. The United States

Government had the said land under lease, and owned all of the buildings and other equipment there, including the distribution system whereby the electricity purchased by it from the Mississippi Power & Light Company was distributed over the air base at such points as desired by it. The Power Company delivered the power to one point within the field, and from that point it was distributed over the field by the Government.

The Power Company contends that under the grandfather clause the Commission was required to issue to it a certificate of public convenience and necessity, and that under decisions of this Court such certificates should be issued on an area basis, and therefore the Commission was required to issue to it a certificate for the entire area of the Air Base within the fence.

The Commission held that the Power Company was selling power at wholesale to the Government. This particular point is not considered by us and we are not to be construed as so holding, but said question is left open to be determined when and if it is presented at a later date.

It will be noted that this area was in effect the land of the Government. It held a lease on it which could be extended to the year 2040, and during the existence of which lease it could, if it desired, purchase said land. The Government had also contracted with the power company to furnish such power as it needed, and provided that the Government could cancel that contract at any time it desired.

It will be seen that the whole area of the Air Base was under the exclusive control of the Government. It could prevent anybody from entering there, and, if desired, could cancel its contract with the Power Company and install its own generating system, or contract with another company. The Public Service Commission could not force the Government to permit the Mississippi Power & Light Company or any other public utility to serve the area.

Section 7716-05(b) of the Code provides:

The Commission shall issue a certificate of convenience and necessity to any person engaged in the construction or operation of such equipment or *facility* on the effective date of this act for the construction or *operation then being conducted* without requiring proof that public convenience and necessity will be served by such construction or operation. . . (Emphasis supplied)

The petitions by both parties were filed within the time provided by said section of the Code.

██ ■ It is true that this Court has held that the Commission could issue certificates on an area basis, and this should be done in the usual case. Capital Electric Power Ass'n. v. Mississippi Power & Light Co., 240 Miss. 139, 125 So. 2d 739 (1961); and in the case of Mississippi Power Co. v. East Mississippi Electric Power Ass'n., 244 Miss. 40, 140 So. 2d 286 (1962), we held that the Act contemplated an award on an area basis and that same was authorized by the Act. However, in East Mississippi Electric Power Ass'n. v. City of Louisville, 168 So. 2d 287 (Miss. 1964), the last case above mentioned was discussed and it was shown the certificates there involved authorized the power association to continue to serve those customers within the one-mile limit surrounding the City of Louisville in which the said City's municipal plant could operate without regulation by the Commission, and that the Commission did and could authorize or limit the right of the association to operate under these particular circumstances to those customers being served on the effective date of the Act.

 ██ It was there held and is now reaffirmed by us that under peculiar and special circumstances the Commission may authorize the continuance of operations on a facility basis as they were being carried on on the effective date of the Act. We think the Commis-

sion in this particular case and under the special facts here existing had a right to decline at the time of the hearing to issue certificates of convenience and necessity on an area basis, but to authorize appellant to continue its operation as it was conducted at the time of the effective date of the Act, and that also the Commission had a right to reserve jurisdiction of the cause for the issuance of a certificate of convenience and necessity when and if the circumstances were changed so as to authorize such an issuance. If they had simply dismissed the petition and not reserved jurisdiction, the Power Company would not have had a petition filed within the period provided by the grandfather clause of the Public Utilities Act.

We agree with the chancellor insofar as he remanded the case to the Commission. However, we do not agree with the reasons assigned therefor because there was no evidence of such new developments in the record made before the Commission.

We simply affirm the order of the Commission as written and remand the case to the Commission for its further consideration when and if they deem it requisite or advisable.

The order of the Chancellor affirmed as herein indicated; the order of the Commission as written is affirmed; the cause remanded to the Commission.

*Kyle, P. J., and Ethridge, Patterson and Inzer, JJ.,* concur.