288 So.2d 9 (1973)
MISSISSIPPI POWER & LIGHT COMPANY
v.
CITY OF CLARKSDALE, Mississippi.
No. 47315.
Supreme Court of Mississippi.
December 17, 1973.
Rehearing Denied January 28, 1974.
*10 Wise, Carter, Child, Steen & Caraway; Richard B. Wilson, Jr., Jackson, Holcomb & Connell, Clarksdale, for appellant.
Hedgepeth & McDavid, Jackson, Dunbar, Merkel & Tollison, Clarksdale, for appellee.
GILLESPIE, Chief Justice:
Mississippi Power & Light Company (MP&L), a public utility, filed a petition in the Circuit Court of Coahoma County against the City of Clarksdale (Clarksdale) for a writ of prohibition to bar condemnation proceedings filed by Clarksdale against MP&L in the County Court of Coahoma County. The circuit court denied the writ of prohibition and dismissed MP&L's petition. MP&L appealed to this Court, and Clarksdale cross-appealed.
MP&L has served Planters Manufacturing Company's large industrial complex situated inside the corporate limits of Clarksdale with electricity since 1927. MP&L has never operated under a franchise from the City of Clarksdale and has never used the streets or any public area of the city in serving Planters. MP&L has two or three poles with attached wires and other hardware located inside the city limits of the City of Clarksdale, and all of these are used to serve Planters and are located on the property of Planters. Clarksdale's application in the county court described one of these poles and 179 feet of wire and other hardware attached thereto as the property to be taken by eminent domain. It did not seek to condemn MP&L's certificate of public convenience and necessity, but it is the avowed purpose of Clarksdale to condemn the physical facilities used by MP&L in serving Planters, thus severing MP&L's transmission line, and thereafter to serve Planters as Clarksdale's customer.
After the enactment of the Public Utilities Act of 1956 (the Act) [Mississippi Code Annotated sections 77-3-1 et seq. (1972)], MP&L filed for and was granted by the Public Service Commission a "grandfather" certificate of public convenience and necessity to continue serving Planters with electricity. This certificate was on a "facility" basis rather than on the usual area basis. See Mississippi Power & Light Co. v. Delta Electric Power Association, 252 Miss. 832, 174 So.2d 356 (1965).
On the hearing in the circuit court of MP&L's petition for a writ of prohibition, Clarksdale offered proof that it would benefit economically to the extent of about $60,000 annually by serving Planters. It was also shown that MP&L would be damaged economically. Clarksdale established a public necessity for acquiring MP&L's franchise to serve Planters but did not show a public necessity for taking the physical property described in Clarksdale's condemnation application, unless it also acquired Planters as a customer.

I.
The principal question raised by this appeal is: Does the law authorize Clarksdale to condemn MP&L's physical facilities used to serve Planters and take Planters as Clarksdale's customer without also condemning MP&L's operating rights?
The remedy by way of prohibition in force when this case arose was a statutory proceeding for the purpose of determining whether (1) the applicant seeking to exercise the right of eminent domain is of such character as is entitled to the right, and (2) whether there is a public necessity for the taking of the particular property sought to be condemned. Miss.Code 1942 Ann. § 2782 (Supp. 1972) (Repealed Ch. 520, § 26, Laws 1971).
For many years municipalities have had the right to acquire and operate generating, *11 transmission and distribution systems by the exercise of the right of eminent domain. By Laws 1962, chapter 550, section 1, the Act was amended to define a "system" as including any franchise held by the owner. Miss. Code Ann. § 21-27-11 (1972). Since 1956, under the provisions of the Act, no person can lawfully generate, transmit or distribute electricity without first obtaining from the Public Service Commission a certificate of public convenience and necessity, but any public utility owned or operated by a municipality shall not be subject to the provisions of the Act except as to extensions greater than one mile outside the corporate boundaries. Miss. Code Ann. § 77-3-1 (1972)[1]. Clarksdale owns and operates an electric generating, transmission and distributing system and is not subject to regulation under the Act. The Act provided for the issuance of a "grandfather" certificate to a public utility engaged in the operation of a facility on the effective date of the Act without proof on the question of public convenience and necessity. Miss. Code Ann. § 77-3-13 (1972).
The subsection relied on by Clarksdale as authority for its condemnation proceedings is Mississippi Code Annotated section 77-3-17 (1972), the pertinent part of which is as follows:
Any municipality shall have the right to acquire by purchase, negotiation or condemnation the facilities of any utility that is now or may hereafter be located within the corporate limits of such municipality.
MP&L contends that the only way MP&L's certificate of public convenience and necessity (hereinafter franchise) can be revoked is for the Public Service Commission to find that it is not rendering reasonably adequate service and then only upon failure to correct the inadequacy within a reasonable time. Miss. Code Ann. § 77-3-21 (1972). Alternatively, MP&L contends that Clarksdale is without authority to condemn MP&L's physical facilities without condemning its franchise. Clarksdale contends that it has the right to acquire the physical facilities of MP&L and thus terminate the connection of MP&L's transmission lines with Planters, whereupon MP&L's franchise to serve Planters is no longer efficacious or valuable. Clarksdale contends that this is so because the Act under which MP&L's "grandfather" franchise was obtained also unqualifiedly granted unto Clarksdale the right to acquire MP&L's facility by condemnation.
A "grandfather" franchise from the State is a valuable right and cannot be taken over by a competitor unless there has been a failure to provide adequate service and an opportunity to remedy the inadequacy given to the franchise holder. Capital Electric Power Association v. Mississippi Power & Light Co., 240 Miss. 139, 125 So.2d 739 (1961). A franchise may be issued on a facility basis. Mississippi Power & Light Co. v. Delta Electric Power Association, 252 Miss. 832, 174 So.2d 356 (1965). A certificate of convenience and necessity issued by the Public Service Commission to operate an electric utility is an exclusive right to operate in a designated area, so long as the utility is capable of rendering electric service to the public located in the area. Capital Electric Power Association v. City of Canton, 274 So.2d 665 (Miss. 1973).
In City of Jackson v. Creston Hills, Inc., 252 Miss. 564, 172 So.2d 215 (1965), the City of Jackson took over the facilities of Creston Hills, Inc., a certificated public utility operating a water company, and one of the issues in the suit filed by Creston against the City was whether Creston had a right to recover damages for the taking of its operating rights or franchise. The Court held that the certificate of public *12 convenience and necessity issued to Creston was a valuable right entitled to protection by the courts and that the City of Jackson had no right to invade the Creston area without first paying compensation as provided by Section 17 of the Mississippi Constitution of 1890.[2]
A franchise to operate a public utility usually requires the investment of large sums of money in order to meet the obligations imposed by the franchise and to profit from the enterprise. The value of the property represented by this investment depends on the continuity as a matter of right of the operations authorized and required by the franchise.
MP&L's franchise to serve Planters is valuable property, and its protection against being taken for public use without due compensation is vouchsafed by the Constitution the same as any other property. Clarksdale's statutory right to condemn MP&L's facility cannot be construed in contravention of MP&L's right to have its franchise protected against expropriation without due compensation. The statute clearly gives Clarksdale the right to condemn the physical facilities described in its application filed in the county court, but not without also condemning MP&L's franchise. So long as MP&L's franchise is not condemned, Clarksdale cannot lawfully serve Planters, and the taking of the physical facilities alone would be arbitrary and an abuse of discretion. Without the franchise the taking of the physical facilities would not only be a futile act, but it would constitute an unlawful interference with MP&L's right and duty to provide service to Planters.
The condemnation of MP&L's physical property would destroy its franchise rights to serve Planters; therefore, Mississippi Code Annotated section 77-3-17 (1972) cannot be constitutionally applied in this case unless the word "facilities" is construed as including MP&L's operating rights.

II.
The next question is whether the circuit court in the prohibition proceedings has authority to direct or control the condemnation proceedings in the county court to the extent of requiring that the value of MP&L's franchise be included in the damages.
In the circuit court's opinion and order denying MP&L's petition for writ of prohibition, it is stated that MP&L's franchise is a valuable right for which it must be compensated. The order further stated that MP&L's petition was dismissed with the express provision that damages for the condemnation of MP&L's certificate of public convenience and necessity be submitted to the jury. The circuit court was correct in finding that MP&L's franchise could not be condemned and taken without compensation, but the scope of the circuit court's inquiry on the petition for writ of prohibition is limited by statute to the two questions heretofore stated. Under the statute the circuit court could only issue the writ or deny it. It could not deny the writ on condition that the value of MP&L's franchise be submitted to the jury. The general rule is that prohibition cannot be used so as to control the eminent domain proceedings. 73 C.J.S. Prohibition § 12 (1951). Moreover, the statutes governing eminent domain procedures provide that the application in the eminent domain court shall describe in detail the property sought to be condemned. Miss. Code Ann. § 11-27-5 (1972).
Clarksdale's petition in the eminent domain proceedings did not describe MP&L's *13 franchise as being part of the property taken. Clarksdale may or may not desire to condemn MP&L's franchise rights; however, if it desires to exercise its right of eminent domain, such right may not be limited to the physical facilities used by MP&L in serving Planters, but must also include the franchise rights of MP&L.
For the reasons stated, we hold that Clarksdale cannot maintain its eminent domain proceedings, and the order of the circuit court denying the writ of prohibition is reversed and judgment entered here directing the circuit court to issue a writ of prohibition barring further prosecution in the eminent domain proceedings but without prejudice to the filing of another application consistent with this opinion.
In view of our decision on direct appeal, Clarksdale's cross-appeal, which raised the same question hereinabove discussed as point II, is moot.
Reversed and rendered on direct appeal.
PATTERSON, SMITH, SUGG and WALKER, JJ., concur.
NOTES
[1] This section of the Act is not a grant of a franchise but an exemption from regulation. Mississippi Power Co. v. East Mississippi Electric Power Association, 244 Miss. 40, 140 So.2d 286 (1962).
[2] Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.