LEE, Justice:
Alcorn County Water Association, Inc. filed suit against the City of Corinth in the Chancery Court of Alcorn County seeking temporary and permanent injunctions to prevent Corinth from providing water service to a certain area outside the corporate limits, but within one (1) mile, and for damages. From a decree denying the temporary injunction and dismissing the bill of complaint, Alcorn appeals here.
The issues are: (1) whether the trial court’s opinion is manifestly wrong since the court found that the disputed area was included within the area to which Corinth was granted a certificate of public convenience and necessity on September 11,1957; (2) whether the court erred in permitting a collateral attack upon the order, of the Mississippi Public Service Commission; and (3) whether the court erred in dismissing the bill of complaint finally when it was heard only on temporary injunction.
The first assignment of error necessarily includes these questions:
(a) Did appellant have a valid certificate of public convenience and necessity to the disputed area?
(b) Was the chancellor manifestly wrong in denying the temporary injunction?
Alcorn claims that it holds a certificate of public convenience and necessity authorizing it to extend water service to an area designated as Rolling Hills and North Rolling Hills, which lies within the one-mile corridor adjacent to the city limits of Corinth. It also contends that Corinth was proceeding to extend water facilities to that area without such a certificate, that Alcorn had the exclusive right to serve the area under its certificate, that it was entitled to temporary and permanent injunctions enjoining Corinth from serving the area, and that it was entitled to damages by reason of Corinth’s actions.
Corinth holds a certificate of public convenience and necessity to construct and op *761 erate a water system in the city and in an area adjacent thereto. On May 12, 1972, Alcorn filed an application with the Public Service Commission for a certificate of public convenience and necessity authorizing it to construct, operate and maintain a water system within a specified area, a part of which included territory previously certificated to Corinth and a part of which included territory adjacent to and within one (1) mile of the corporate limits of Corinth which had not been certificated to anyone.
On May 29, 1972, Corinth protested issuance of a certificate to Alcorn covering Corinth’s certificated area, but failed to include the other area within the one-mile corridor. On June 6, 1972, the return date on process issued for interested parties, Corinth’s attorney appeared before the Public Service Commission and was advised that the matter would not be heard at that time. On June 14, 1972 Alcorn’s attorney wrote the Mississippi Public Service Commission that it was the desire of Alcorn to go forward with an uncontested hearing and to delete from consideration those areas which were within one mile of the corporate limits of Corinth. On August 1,1972, he appeared before the Commission with witnesses and orally amended the application thereby deleting the area within the one-mile corridor, and Alcorn was permitted to proceed with the matter as an uncontested hearing.
The Public Service Commission file with respect to the application of Alcorn for the certificate together with a transcript of the proceedings before the Commission were introduced in evidence without objection and by agreement. Those documents reflect the following:
(1) The Public Service Commissioners were of the opinion they had no authority to grant a certificate of public convenience and necessity in the one-mile corridor to any applicant except Corinth.
(2) Alcorn was under the mistaken belief that Rolling Hills and North Rolling Hills were outside the one-mile corridor.
(3) On June 14, 1972, the attorney for Alcorn wrote the Public Service Commission that Alcorn desired to delete from consideration those areas which are within one mile of the corporate limits of Corinth in order to proceed with the matter as an uncontested hearing.
(4) The instruction sheet on Rules of Practice and Procedure before the Mississippi Public Service Commission provided that, if an applicant seeks service area within one mile of the corporate limits of a municipality, a resolution disclaiming any intention of the municipality to serve such area and relinquishing such area for inclusion within the-proposed certificated service area should be submitted.
(5) Alcorn’s attorney told Commissioner Dale at the hearing they [Alcorn] understood from Commissioner Snyder and Mr. Smith (attorney for the Public Service Commission) that the Commission had no jurisdiction within the one-mile area.
(6) He further told Commissioner Dale, “We’re excluding everything that’s in anybody’s certified area, or within the one-mile area.” He then orally moved the Commission to amend the application so as to delete the area described in Exhibit 11 and Exhibit 12 of the application, and for permission to file a written amendment at a later date.
Alcorn’s petition to the Public Service Commission for a certificate of public convenience and necessity, along with the order granting the certificate, were made exhibits to the bill of complaint. Paragraph XIV of the petition stated that a small portion of the property therein described was within one mile of the corporate boundary of Corinth, that a metes and bounds description of such area for which Alcorn sought the certificate was attached thereto, marked Exhibit 12 and made a part thereof by reference,, and that it covered all the property within the one-mile corridor for which Alcorn sought a certificate. Thus, when Alcorn moved to amend its application on August 1,1972, to delete Exhibits 11 and 12 from the petition, it effectively removed Rolling Hills and North Rolling Hills [the disputed area here] from consideration by the Commission. The hearing was con- *762 eluded on that day, even though the order was not entered and the certificate was not granted until June 7, 1973.
Corinth received bids on May 9, 1973, for contracts to install water lines into the area [included were Rolling Hills and North Rolling Hills] and awarded the contracts on May 21, 1973, thereby obligating itself to serve the area which was tantamount to entering upon that service. At those times, no areas had been certificated to Alcorn, and the order of the Public Service Commission granting a certificate of public convenience and necessity to Alcorn had not been entered. [That order included Rolling Hills and North Rolling Hills.]
The law is settled in this state that a certificate of public convenience and necessity issued by the Public Service Commission to a public utility is an exclusive permit to serve the area designated and certificated to the utility so long as the utility is capable and willing to provide service to the people within the area. Capital Electric Power Ass’n v. City of Canton, 274 So.2d 665 (Miss.1973). Likewise, a municipality is unrestricted in its right to serve the people within the one-mile corridor adjacent to the municipality, if no certificate of public convenience and necessity has been issued to a utility. East Mississippi Central Power Association v. City of Louisville, 250 Miss. 777, 168 So.2d 287 (1964).
Since the undisputed record shows that neither the Public Service Commission nor Alcorn intended to maintain any part of the one-mile corridor in the application, since the petition was amended before hearing to delete the area within the one-mile corridor, since the Public Service Commission did not have that area before it and under its consideration, and since Corinth had awarded a contract to serve the area before issuance of the certificate of public convenience and necessity to Alcorn, we conclude that the Rolling Hills and North Rolling Hills area,.being within the one-mile corridor, was not within the jurisdiction of the Public Service Commission, and that the order and certificate insofar as they covered that area were a nullity and ineffective, and the chancellor was correct in denying the temporary injunction.
Alcorn contends in its second assignment of error that the trial court erred in permitting a collateral attack on the order of the Mississippi Public Service Commission. This assignment is without merit because, as stated supra, the order of the Public Service Commission covering the disputed area was a nullity and therefore subject to a collateral attack.
The appellant last contends that the trial court erred in dismissing the bill of complaint finally when it was being heard on temporary injunction, and it argues that the case should be reversed and remanded for assessment of damages. The cause was set for hearing by the chancellor on the temporary injunction, but the decree recited that it was heard on bill of complaint, answer and proof. The two-volume record reflects that there was a full hearing and that the appellant is not entitled to damages. The chancellor followed an erroneous procedure in dismissing the bill of complaint after the hearing on temporary injunction. However, all the issues of the case have been presented to and considered and determined by this Court, and we conclude that the judgment of the trial court has not resulted in a miscarriage of justice and that such procedure constitutes harmless error under Supreme Court Rule 11.
For the reasons stated, the case is affirmed.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.