EAST MISSISSIPPI ELECTRIC POWER ASSN. *v.* MISSISSIPPI POWER Co., et al.

No. 43782 February 21, 1966 182 So. 2d 925

*Floyd, Cameron, Deen & Prichard,* Meridian, for appellant and cross-appellee.

*Eaton, Cottrell, Galloway & Lang,* Gulfport, for appellee and cross-appellant.

JONES, J.

Appellant and cross-appellee, East Mississippi Electric Power Association, will be hereinafter called Association, and appellee and cross-appellant, Mississippi Power Company, will be called Company.

The Association filed an application with the Public Service Commission under Mississippi Laws 1956, Chapter 372 (Miss. Code Ann. § 7716-04 (1956)), seeking a certificate of public convenience and necessity for certain areas in Clarke and Lauderdale Counties. The Company protested.

When the petition was filed the Company had an application pending. At the time Association's application was heard, certain of the areas requested by it had been granted to the Company on said pending application. The Commission proceeded to hear evidence as to those areas not granted to Company, of which there were three in Lauderdale County and five in Clarke County. All lands in the two counties mentioned, except the areas here involved, had previously been certificated.

The three areas in Lauderdale County were small tracts.

The five tracts in Clarke County ran from 160 acres to one of four sections, and one of nearly eight sections. The Company expressly denied any present interest in obtaining a certificate for such large acreage or for a smaller one, but contested the Association's right to all the arreas. The Company filed a motion to dismiss the application alleging that it was not prepared in accordance with the rules of the Commission.

The Company contended that since the application was one to serve a rural area, in addition to describing selected areas which in applicant's judgment could and should be developed as a unit, it should also comply with Rules 6F(5), (5a), (5b) and 6F(4).

 █ Association answered that it was not proposing any rural line extension as provided by Rule 6F; that it was seeking an area which could best be developed as a unit in conjunction with its grandfather area, and that therein it was not necessary to furnish the information required by Rules 6F(5), (5a) and (5b). On appeal the Commission and the Chancery Court agreed with this contention of Association, and we also agree.

 █ The Company also argued that a certificate could not be issued unless and until there were requests for service in the area. However, the act itself provides for the issuance of certificates of public convenience and necessity in case the present or future public convenience and necessity require or will require electrical operations. Miss. Code Ann. §7716-05 (1956). Mississippi Code Annotated section 7716-13 (1956) authorized the Commission to prescribe, issue, amend, and rescind rules and regulations to carry out the provisions of the act, and in pursuance thereof, the Commission adopted its Rules and Regulations. Rule 6F(4) provides for a certificate to serve a rural area and says such area shall be one which in applicant's judgment should be developed as a unit. Subsection (6a) of Rule 6F makes the holder of such a certificate responsible for as complete development of the area as is economically feasible. Sub-section (6b) of Rule 6F gives the holder of the certificate the right to develop in such area.

Evidence was introduced consisting of maps and detail plats of each area requested, together with oral testimony as to each area and the general situation.

 After hearing and considering the evidence twice (once on a rehearing), the Commission found and adjudicated:

The Commission finds that as to the particularly described areas set forth hereinafter that applicant has established by the proof that public convenience and necessity justifies and requires the issuance of this certificate of convenience and necessity. The evidence shows that as to the areas hereinafter described the applicant is better able to serve said areas by reason of the proximity of its already certificated areas thereto and because of the close proximity of its existing electric lines and facilities to said areas. The Commission further finds that the grant of this certificate will prevent much unnecessary and uneconomic duplication of facilities.

None of the areas hereby certificated lie within the boundaries of any municipality.

The Commission finds that the public convenience and necessity justifies and requires the issuance of this certificate of convenience and necessity to East Mississippi Electric Power Association.

On appeal to the Chancery Court of the First Judicial District of Hinds County, the chancellor was of the opinion the Commission should be affirmed in all respects except as to two tracts in Lauderdale County, referred to as areas five and six in that county. As to these tracts, he was of the opinion that the Commission's finding was not supported by substantial evidence. If we had been passing upon the facts originally we might have thought it better to dismiss the petition as to these two tracts, but we cannot say the Commission had no substantial evidence before it. It had the maps of the county and the detail maps of these two tracts, in addition to oral evidence, and the fact that if denied as to these two tracts, they would be the only ones in the county not certificated, and further expensive litigation would be required. As to tract five, the south line thereof was one and one-fourth miles long. The Association has a line which enters the tract about 165 feet east of the northwest

corner, and then runs southeast to a point approximately 660 feet east of the west line, and about 500 feet north of the south line — thence it runs easterly to the east boundary. The Company has lines running across the eastern-third of the tract. Both the Company and the Association serves customers in the eastern portion.

As to tract six, it runs north and south for a mile, and each party has a line or lines through, across or near this tract.

We believe that the Commission, with the facts before it and with its expertise on such matters, was more able than we are to pass upon same, and that there was substantial evidence to support its holdings.

The cause is affirmed on cross-appeal; reversed on direct appeal; the order of the Commission reinstated, and remanded to the Commission.

Affirmed on cross-appeal; reversed on direct appeal; order of Commission reinstated, and remanded to the Commission.

*Ethridge, C. J., and Gillespie, Rodgers and Inzer, JJ.,* concur.