# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-CC-00408-SCT

*TOWN OF ENTERPRISE*

*v.*

*MISSISSIPPI PUBLIC SERVICE COMMISSION AND HARMONY WATER ASSOCIATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/11/2000 |
| TRIAL JUDGE: | HON. JERRY G. MASON |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | DENNIS W. MILLER |
| | F. W. MITTS, III |
| ATTORNEYS FOR APPELLEE: | FRANCES CORLEY LYNCH |
| | JAMES N. POTUK |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 04/05/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/26/2001 |

**BEFORE McRAE, P.J., DIAZ AND EASLEY, JJ.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The Town of Enterprise is aggrieved by the Mississippi Public Service Commission's issuance of a "certificate of public convenience and necessity" to Harmony Water Association, Inc. The Clarke County Chancery Court was correct in affirming the order of the Commission, as it was based on substantial evidence and did not exceed the statutory authority vested in the Commission by Miss. Code Ann. § 77-3-11 (2000). Its decision was not against the manifest weight of the evidence and was supported by substantial evidence. The Commission's order is therefore affirmed.

## PROCEDURAL HISTORY

¶2. Harmony Water Association, Inc.("Harmony") petitioned the Public Service Commission ("Commission") on August 4, 1997, requesting a "certificate of public convenience and necessity" to provide water service in areas of Clarke County. The proposed service area includes territory within one mile of the corporate boundary of the Town of Enterprise ("Enterprise"), which operates its own utility system. Enterprise filed a petition to intervene, which was granted by the Commission on August 22, 1997.

¶3. The Commission held a hearing on January 30, 1998, and granted the certificate to Harmony in its order of March 10, 1998. Enterprise appealed the Commission's decision to the Clarke County Chancery Court, which affirmed the order of the Commission on January 11, 2000.

## FACTS

¶4. Harmony Water Association, Inc. ("Harmony") is a non-profit utility which supplies residential water service for compensation to homes in portions of Clarke and Lauderdale Counties. Harmony petitioned the Commission for a certificate of public convenience and necessity in order to expand its service area, including some land located within one mile of the Town of Enterprise ("Enterprise").

¶5. The Commission regulates public utilities and must issue a certificate of public convenience and necessity before a utility may provide service. Miss. Code Ann. § 77-3-11 (2000). The certificate specifies the exact area to be served and grants the utility receiving it the right to serve that area. Municipally operated public utilities are specifically exempted from Commission regulation within their boundaries and up to one mile beyond their corporate boundaries. Miss. Code Ann. § 77-3-1 (2000).

¶6. Enterprise is a municipal corporation, and operates its own utility system for compensation. It objected to the grant of a certificate to Harmony only as to the area within one mile of its boundaries, claiming that it has the exclusive right to serve areas within one mile of its borders. Enterprise further claimed that service was not then necessary, as the potential customers are currently served by personal wells. Enterprise avers that it intended to provide service to these areas when the need arose. The parties disagree as to exactly how many potential customers are in the one-mile corridor, but they number between 39 and 60.

## STANDARD OF REVIEW

¶7. When this Court reviews a decision by a chancery or circuit court concerning an agency action, it applies the same standard of review that the lower courts are bound to follow. ***Miss. Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors***, 621 So.2d 1211, 1216 (Miss.1993) (collecting citations). We will entertain the appeal to determine whether the order of the administrative agency 1) was unsupported by substantial evidence, 2) was arbitrary or capricious, 3) was beyond the power of the administrative agency to make, or 4) violated some statutory or constitutional right of the complaining party. ***Id***. at 1215.

## DISCUSSION

**I. Whether the Order of the Mississippi Public Service Commission is against the manifest weight of the evidence, unsupported by substantial evidence, or in excess of the statutory authority or jurisdiction of the Commission.**

¶8. E. Buford Rochester, Jr., president of Harmony, testified at the hearing that an informal survey revealed that a number of residents in the one mile corridor had verbally agreed to pay membership fees to be connected to a water system. He estimated that the one mile zone contains approximately 60 potential customers. The chancery court also noted in its order that Rochester testified that Harmony's business operations will require it to run water lines through the one mile corridor to serve its other areas, even if the Commission denied it certification to serve the area around Enterprise.

¶9. Enterprise countered with testimony that all residents in the zone are currently being adequately served by private water wells. It further argued that there are only 39 potential customers in the subject area. The order of the Commission certified that the present or future public convenience and necessity require or will require the operation of a water utility in the area. Miss. Code Ann. § 77-3-11(1) (2000). Though the particular details are disputed, it cannot be said that the order of the Commission was not based on substantial evidence.

**II. Whether the Commission's Order is invalid on its face due to the lack of a finding that the public convenience and necessity require issuance of the certification for the geographic area in question.**

¶10. Enterprise argues that it intended to provide water service to the outlying areas when the need arose, but that it is currently unnecessary. It provided testimony that residents within one mile of the city limits are currently being served by private well, and that none of the potential customers had ever requested that the town provide municipal water service prior to August 4, 1997.

¶11. We have held that the absence of requests for service in area does not preclude the issuance of certificates of public convenience and necessity to an electric utility for development of service in a rural area. *East Miss. Elec. Power Ass'n v. Miss. Power Co.*, 254 Miss. 832, 837, 182 So.2d 925, 926 (1966). "[T]he act itself provides for the issuance of certificates of public convenience and necessity in case the present or future public convenience and necessity require or will require electrical operations. Miss. Code Ann. § 7716-05 (1956)." *Id.*

¶12. This reasoning is equally applicable to water utilities, which may be certified if "present or future public convenience and necessity require or will require the operation of such equipment or facility." Miss. Code Ann.§ 77-3-11(1) (2000). Our holding in *East Miss. Elec. Power Ass'n* was predicated on section 7716-05, which has now been re-codified in substantially the same form as Miss. Code Ann. § 77-3-11(2) (2000). The lack of customer requests for water service from Enterprise therefore did not preclude issuance of a certification to Harmony. Accordingly, this issue is without merit.

**III. Whether the Commission disregarded the rights of the Town of Enterprise and its municipal utility under Miss. Code Ann. § 77-3-1.**

¶13. Section 77-3-11(1) mandates that no water or gas utility may be constructed, owned, or operated "without first having obtained from the Commission a certificate that the present or future public convenience and necessity require or will require the operation of such equipment or facility." However, an attendant section creates a specific exception to this certification requirement for municipally-owned utilities that operate within and up to one mile of the municipality's boundaries.

> Except as otherwise provided in Section 77-3-6, any public utility, as defined in paragraph (d) of Section 77-3-3, **owned or operated by a municipality shall not be subject to the provisions of this article, except as to extension of utilities greater than one (1) mile outside corporate boundaries** after March 29, 1956.

Miss. Code Ann. § 77-3-1 (2000) (emphasis added).

¶14. While not factually identical to the instant case, we have consistently held in previous cases that section 77-3-1 does not grant municipalities the exclusive right to operate utilities within one mile of their corporate borders. These cases involved utilities that were already operating within the one mile corridor prior to the cities' attempt to serve the same area.

¶15. In *Miss. Power Co. v. East Miss. Elec. Power Ass'n*, 244 Miss. 40, 140 So.2d 286 (1962), the utility was already operating within one mile of the City of Louisville when the law creating the Public Service Commission was enacted. Louisville argued that the act granted to it the exclusive right to operate within one-mile of its boundaries. We disagreed, holding that "[w]e do not deem this provision of the act as

a grant, but consider it as an exemption from regulation." *Id.* at 47, 140 So.2d at 287. *See also **Capital Elec. Power Ass'n. v. City of Canton***, 274 So.2d 665, 669-70 (Miss. 1973) (though exempted from the jurisdiction of the Commission, city did not have unfettered discretion to "run its lines anywhere it may choose within the city and within a one-mile corridor outside the city limits").

¶16. In the case sub judice, the area in question is not served by <u>any</u> water utility. Before Harmony's certification was issued for this region, nothing would have precluded Enterprise from providing water service to this area, up to one mile from its boundaries, and it would not have been required to obtain a certificate of need to do so as it has the statutory right. Even *after* Harmony's certification, nothing in the statutes prohibit Enterprise from providing water service to this area. It is exempt from Commission regulation and, therefore, does not need a certificate of need within one mile of its boundaries. As a result, both Harmony and Enterprise have the right to serve the area at issue.

¶17. However, Miss. Code Ann. § 77-3-1 (2000) does not grant to Enterprise the exclusive right to provide utility services within one mile of its boundaries. The Commission was therefore within its statutory authority in issuing the certificate of public convenience and necessity to Harmony.

### <u>CONCLUSION</u>

¶18. Though municipalities are not required to obtain certificates of public convenience and necessity before providing utility service within one mile of their borders, this does not grant them exclusive rights to be the sole provider of such services within that area.

¶19. The chancery court did not err in affirming the order of the Commission, as it was based on substantial evidence and did not exceed the statutory authority of the Commission. Therefore, the judgment of the Clarke County Chancery Court is affirmed.

¶20. **AFFIRMED.**

**PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.**