SMITH, P. J.,
Dissenting in Part.
¶ 25. I believe that the majority opinion correctly states the law, however, I think it avoids the real issue in this ease. As it is a factual one, I believe the Commission should be given deference, and thus the majority still comes to the correct conclusion. Although, I do not believe that their conclusion differs from that of the chancellor.
¶ 26. As the law currently stands, a municipality cannot encroach upon a preexisting certificated area in the one-mile corridor outside the city limits. Further, in Town of Enterprise v. Mississippi Pub. Serv. Comm’n, 782 So.2d 733 (Miss.2001), this Court held that the MPSC can grant a certificate in the one-mile corridor, over an area the adjacent municipality has never served nor contracted to serve, even if the municipality objects to the certificate. Both parties recognize this as the law. Thus, the essential question appears to be whether the MPSC granted A.B.E., Inc. a certificate to serve an area that the City of Oxford was already serving, or had contracted to serve. The Commission does not discuss its findings in regard to what *621 area was already being served, however, the chancellor appeared to reverse for consideration of that very issue. I believe the chancellor was correct in his reasoning, as I disagree with the majority as to his holding. I believe that the chancellor found the law to be the same as I have stated (and the same as that stated by the majority). Further, I believe the only reason he reversed the Commission was to allow the Commission to tailor their findings more precisely to the law, which would be that A.B.E. could not be granted a certificate for areas already being served by the City (or areas they had contracted to serve).
¶ 27. As stated in the chancellor’s order “the [MPSC] does not have a right to award a certificate to a competing utility (A.B.E., Inc.) for an area that the City of Oxford has not only contracted to serve, but, also, is serving in the one-mile corridor.” Thus, I would affirm the chancellor’s ruling as I believe that his decision is in accord with the law.
WALLER AND EASLEY, JJ., JOIN THIS OPINION.