# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CC-01693-SCT

*CROSSGATES RIVER OAKS HOSPITAL,
GRENADA LAKE MEDICAL CENTER, RILEY
MEMORIAL HOSPITAL, NATCHEZ
COMMUNITY HOSPITAL, WOMAN'S HOSPITAL,
NORTHWEST MISSISSIPPI REGIONAL
MEDICAL CENTER, BILOXI REGIONAL
MEDICAL CENTER, RIVER OAKS HOSPITAL,
KING'S DAUGHTERS MEDICAL CENTER-
BROOKHAVEN, ST. DOMINIC-JACKSON
MEMORIAL HOSPITAL AND DELTA REGIONAL
MEDICAL CENTER*

*v.*

*MISSISSIPPI DIVISION OF MEDICAID AND
DAVID J. DZIELAK, Ph.D., IN HIS OFFICIAL
CAPACITY AS EXECUTIVE DIRECTOR OF
MISSISSIPPI DIVISION OF MEDICAID*


| | |
|---|---|
| DATE OF JUDGMENT: | 10/31/2016 |
| TRIAL JUDGE: | HON. PATRICIA D. WISE |
| TRIAL COURT ATTORNEYS: | GEORGE H. RITTER |
| | JONATHAN ROBERT WERNE |
| | P. SCOTT PHILLIPS |
| | JANET D. McMURTRAY |
| | WILLIAM CLARK PURDIE |
| | CHARLES PALMER QUARTERMAN |
| | DION JEFFERY SHANLEY |
| | STEPHEN DEAN STAMBOULIEH |
| | JAMES D. BELL |
| | JOHN P. SNEED |
| | LAURA L. GIBBES |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | GEORGE H. RITTER |
| | JOHN P. SNEED |
| | JONATHAN ROBERT WERNE |
| | P. SCOTT PHILLIPS |

ATTORNEYS FOR APPELLEES:       DION JEFFERY SHANLEY
                               JANET D. McMURTRAY

NATURE OF THE CASE:            CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                   REVERSED AND REMANDED - 04/12/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    Twelve Medicaid-participating hospitals ("Hospitals") filed an appeal in the Chancery Court of the First Judicial District of Hinds County, challenging the Department of Medicaid's ("DOM's") recalculation of their Medicaid outpatient rates for fiscal year 2001. The chancery court affirmed the opinion of the DOM. Finding error, we reverse the judgment of the chancery court and order the Executive Director of DOM to provide payments to the Hospitals consistent with this opinion.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.    The DOM is a state agency responsible for administering the Medicaid program pursuant to the State Medical Plan ("State Plan") and applicable federal regulations. Pursuant to the State Plan, the Hospitals' outpatient rates for fiscal year 2001 were set based upon data provided in their 1999 hospital cost report and all subsequently amended reports.

¶3.    In 2010, DOM sent each Hospital a notice of a lump-sum settlement, stating that DOM was amending the fiscal year 2001 outpatient rate. In response, the Hospitals filed requests for appeals and formal hearings, asserting that DOM did not follow the requirements of the State Plan. After the formal hearings were held, the hearing officer opined that the Hospitals' claims that DOM's calculations of the outpatient reimbursement rate did not

2

follow the requirements of the State Plan were without merit. The hearing officer's decision was adopted by the Executive Director of DOM.

¶4.    The Hospitals then appealed to the chancery court, challenging DOM's calculations of the outpatient rates for 2001.[1] The chancery court affirmed DOM's decision, finding that "DOM interpreted its own regulation – the State Plan, which is its contract with the federal government and which it is required to follow to receive federal funds to require Medicaid to calculate the cost to charge ratio by using Medicare Methodology, which at that time was using a blended rate."

## STATEMENT OF THE ISSUES

¶5.    The Hospitals raise the following issues before this Court:

I.    Whether DOM's decision to include a portion of laboratory and radiology charges in the denominator of the cost-to-charge ratio was arbitrary, capricious, and/or in violation of 4.19-B of the State Plan where the State Plan expressly provided, and DOM admitted, that all radiology and laboratory charges must be excluded from the formula.

II.    Whether DOM's decision to use certain Medicare blended payment amounts for Ambulatory Surgical Care ("ASC") and Other Diagnostic Procedure ("ODP") services in the outpatient rate calculation, in lieu of costs, was arbitrary, capricious, and/or in violation of 4.19-B of the State Plan where (a) the State Plan provided that the numerator of the cost-to-charge ratio is "cost," (b) the State Plan adopted the Medicare definition of "cost" which is "actual cost," (c) DOM admitted that "cost" means each Hospital's actual costs as shown on the cost report and that the blended payment amounts are different than actual cost, and (d) the ASC and ODP blended payment amounts were between 22% and 39% less than the ASC and ODP cost established on the cost reports.

## STANDARD OF REVIEW

---

[1] The Hospitals' cases were consolidated by the chancery court.

3

¶6. When reviewing a chancellor's ruling concerning an administrative agency decision, this Court applies the same standard of review as the chancellor. *Miss. Comm'n on Envtl. Quality v. Chickasaw Cty. Bd. of Supervisors*, 621 So. 2d 1211, 1216 (Miss. 1993). This Court has the authority to reverse the decision of DOM if we find that it (1) was not supported by substantial evidence, (2) is arbitrary or capricious, (3) was beyond DOM's power to adopt, or (4) violates a constitutional or statutory provision. *Town of Enterprise v. Miss. Pub. Serv. Comm'n*, 782 So. 2d 733, 735 (Miss. 2001).

¶7. An agency's interpretation of a rule governing the agency's operation is a matter of law that is reviewed de novo, but with great deference to the agency's interpretation. *Sierra Club v. Miss. Envtl. Quality Permit Bd.*, 943 So. 2d 673, 678 (Miss. 2006) (citing *McDerment v. Miss. Real Estate Comm'n*, 748 So. 2d 114, 118 (Miss. 1999)). However, an agency's interpretation will not be upheld if it is "so plainly erroneous or so inconsistent with either the underlying regulation or statute as to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." *Div. of Medicaid v. Mississippi Indep. Pharmacies Ass'n*, 20 So. 3d 1236, 1238 (Miss. 2009) (quoting *Buelow v. Glidewell*, 757 So. 2d 216, 219 (Miss. 2000) (citation omitted)).

## ANALYSIS

¶8. The Hospitals contend that Attachment 4.19-B of the State Plan contains a simple formula for calculating outpatient rates: costs divided by charges, excluding services such as laboratory and radiology, which are paid using a different methodology. DOM alleges that

the Hospitals oversimplify the agency's approach by not considering the Medicare Principles of Reimbursement that were in effect for 2001.

¶9.    Attachment 4.19-B of the State Plan, which was adopted in 1997 and was in effect in 2001, specifically reads as follows:

> Outpatient hospital services shall be *reimbursed at a percentage* of billed charges unless specified differently elsewhere in this Plan. The percentage paid is the lower of 75% of charges *or* the *cost to charge ratio, as computed by Medicaid* using the hospital's cost report. The cost to charge ratio shall be computed each year for use in the following rate year's payments. Adjustments to outpatient services claims may be made if the cost to charge ratio is adjusted as a result of an amended cost report, audit, or Medicare settlement. *The cost to charge ratio for outpatient services will be computed under Title XVIII (Medicare) methodology*, excluding bad debts and other services paid by Medicaid under a different rate methodology. . . .

> All outpatient laboratory services shall be reimbursed on a fee-for-service basis.

> All outpatient radiology services shall be reimbursed on a fee-for-service basis.

(Emphasis added.)

¶10.    In simple, unambiguous language, Attachment 4.19B of the State Plan clearly sets forth the formula for calculating outpatient rates: costs divided by charges, excluding laboratory and radiology services, which are reimbursed on a fee-for-service basis. The Medicare Principles of Reimbursement reads that:

> It is the intent of the program that providers are *reimbursed the actual costs* of providing high quality care, regardless of how widely they may vary from provider to provider, except where a particular institution's costs are found to be substantially out of line with other institutions in the same area which are similar in size, scope of services, utilization, and other relevant factors. . . .

> Implicit in the intention that *actual costs be paid* to the extent they are reasonable is the expectation that the provider seeks to minimize its costs and

5

that its actual costs do not exceed what a prudent and cost-conscious buyer pays for a given item or service.

(Emphasis added.) Charges are defined as the:

> *regular rates* established by the provider *for services* rendered to both beneficiaries and to other paying patients. *Charges should be related consistently to the cost of the services* and uniformly applied to all patients whether inpatient or outpatient.

(Emphasis added.)

¶11.    DOM recalculated the ratio to include charges for radiology and laboratory services and to substitute a portion of the Hospitals' claimed costs with Medicare blended payment amounts.[2] The recalculation caused the Hospitals' costs to be understated and the charges to be overstated, reducing their overall reimbursement rate.  This was a clear violation of the language of the State Plan.

¶12.    The State Plan unambiguously calls for the exclusion of radiology and laboratory charges. This fact was admitted by DOM. Moreover, the substituted blended payment amount does not equate to the costs submitted by the Hospitals in their cost reports.  Attachment 4.19-B providing the cost-to-charge ratio became effective October 1, 1997.  The Mississippi *Medicaid* Program paid hospitals based on the cost-to-charge ratio, and DOM could provide no evidence that it amended the State Plan to the later-adopted blended payment rates.

¶13.    Throughout these proceedings, DOM never articulated an explanation for its failure to exclude the radiology and laboratory charges or for its use of a blended rate in place of actual costs, absent altering or amending the State Plan. The clear language of the State Plan

---

[2] Blended payment amounts are used by *Medicare* for *Medicare* patients.

6

establishes that DOM's choice to reduce payments to the Hospitals was arbitrary, capricious, and not supported by substantial evidence.

¶14. Although we generally afford great deference to an agency's interpretation of its regulations, today's case is not entitled to that deference. We find that DOM's interpretation of Attachment 4.19-B of the State Plan is inconsistent with the underlying regulation. *See **Mississippi Indep. Pharmacies Ass'n***, 20 So. 3d at 1238.

## CONCLUSION

¶15. The plain language of Attachment 4.19-B of the State Plan provides a cost-to-charge-ratio formula for calculating outpatient rates. Laboratory and radiology charges are to be excluded from this formula, for they are reimbursed on a fee-for-service basis. DOM's inclusion of radiology and laboratory services in the charges and substitution of costs with Medicare blended payment amounts was a clear violation of the State Plan.

¶16. We reverse the judgments of DOM and the chancery court. Consistent with this opinion, we remand and order the Executive Director of DOM to recalculate the Hospitals' cost-to-charge ratio using the Hospital's submitted costs in their cost reports, excluding laboratory and radiology services, and reimbursing the Hospitals the appropriate amounts determined by using the State Plan.

¶17. **REVERSED AND REMANDED.**

**WALLER, C.J., KITCHENS, P.J., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**

7